## CEDAR PARK CEMETERY ASS'N, Inc., v. COMMISSIONER OF INTERNAL REVENUE.

### No. 5009.

Circuit Court of Appeals, Seventh Circuit.

Nov. 17, 1933.

Rehearing Denied Jan. 11, 1934.

Leonard L. Cowan, of Chicago, Ill., for petitioner.

Pat Malloy, Asst. Atty. Gen., and Sewall Key and Francis H. Horan, Sp. Assts. to the Atty. Gen. (E. Barrett Prettyman, General

Counsel, Bureau of Internal Revenue, of Washington, D. C., of counsel), for respondent.

Before ALSCHULER, SPARKS, and FITZHENRY, Circuit Judges.

SPARKS, Circuit Judge.

The statutes and regulations of the Treasury Department are the same as those involved in Acacia Park Cemetery Association v. Commissioner, 67 F.(2d) 700, decided by this court at this term. Petitioner's plan of organization and the conduct of its business were the same as in that case. The questions presented there were also presented in the instant case, and the evidence introduced and the findings and the decision of the Board with respect to those questions are practically identical except as to names, dates, and amounts.

It is the contention of petitioner (1) that the sum of $119,064, or $66 per lot, representing liability for perpetual care, was properly included by petitioner in determining the cost to it of all the lots in the cemetery; or (2) that ten per cent of the sales price received from the lot purchasers was received by petitioner in trust for the purpose of being placed in the perpetual care fund, and therefore should have been deducted from petitioner's income. Under the authority of Acacia Park Cemetery Association v. Commissioner, supra, we hold that the Board's ruling in rejecting petitioner's first and second contentions was correct.

Petitioner also raises a third question, and one which was not involved in the Acacia Park Case, namely, whether or not it may be allowed deductions for certain salary items entered as accrued on its books in the taxable year 1924, but never in fact paid. With reference to this question the Board found the following facts: In 1925 litigation arose among the stockholders, and two of the officers, Lightfoot and Hewitt, were ousted from the management of the petitioner, and Leabody and his faction came into control. In October, 1925, auditors employed by Leabody caused to be reversed the credits of salaries of $11,500 each to Lightfoot and Hewitt, which had been entered on the books at December 31, 1924. Lightfoot and Hewitt were restored to office in 1926, but the salaries here involved were not drawn then nor at any time because the company was not in a position to pay such salaries. Neither Lightfoot nor Hewitt included in his tax returns for any year the amount of $11,500 each which had been credited to them on the books

of the petitioner as salaries for 1924. Petitioner's return for 1924 contains the statement that it was filed on the basis of cash receipts. In fact, however, it was filed on the installment basis, and officers' salaries were deducted in the amount of $38,000. In determining the deficiencies for 1924, the respondent disallowed the $23,000 involved in the two items for Lightfoot and Hewitt. This action the Board confirmed. We are convinced that there is no merit in petitioner's claim for deduction for these salary items, and that the Board therefore properly rejected it. The findings certainly do not warrant a different ruling, nor does the evidence warrant a different finding. Petitioner contends that it was stipulated that these salaries for 1924 were accrued on its books, which it says is, in effect, a stipulation that such accruals were properly set up and constitute liabilities. Petitioner's attention was called to the fact that the record contains no such stipulation. To this suggestion it made no reply, nor have we been able to find such stipulation.

The decisions of the Board are affirmed.