## DUNNE v. COMMISSIONER OF INTERNAL REVENUE.
### No. 86.

Circuit Court of Appeals, Second Circuit.

Feb. 18, 1935.

For the opinion below, see 29 B. T. A. 1109.

Wayne Johnson, of New York City, for petitioner.

Frank J. Wideman, Asst. Atty. Gen., and Sewall Key and Berryman Green, Sp. Assts. to Atty. Gen., for respondent.

Before L. HAND, SWAN, and CHASE, Circuit Judges.

SWAN, Circuit Judge.

For the year 1927 the petitioner filed an income tax return in which he claimed a deduction of nearly $400,000 as a loss sustained on the sale of securities through several stock brokerage accounts in which he had a one-third interest. The Commissioner disallowed this deduction, and the Board of Tax Appeals affirmed his action and determined a deficiency. The propriety of disallowing the claimed deduction is the only substantial question presented.

The petitioner and two friends had equal interests in four stock-trading accounts which were opened in 1919 at the suggestion of their mutual friend, Mr. Whitney, who told them that he desired to assist them to make money in the stock market and "for this purpose would lend them his credit, guaranteeing their accounts." It was understood that the accounts were their property. The accounts were opened without any money being deposited. The cost of securities purchased appeared as debit balances, and these were adjusted from time to time on account of interest and commissions charged and interest and dividends credited. During 1919 there were profits on transactions in one of the accounts, and the petitioner and his two co-owners each withdrew $20,000. No other withdrawals were ever made from any of the accounts. During 1927 various securities were sold at a loss of $1,176,457.79 below their cost. One-

third of this sum is the loss which the petitioner claims as a deduction. All the accounts were closed out during the year, and the debit balances were paid to the brokers by Mr. Whitney or, after his death, by the executors of his estate; the total of such payments being much more than the aforesaid loss of $1,176,457.79.

The case was submitted to the Board upon stipulated facts. Because the stipulation recites that it was "understood that the accounts were the property of the three individuals but guaranteed by Mr. Whitney," the petitioner contends that they were the brokers' primary debtors, with Mr. Whitney merely a guarantor, who upon payment became subrogated to the brokers' rights against them, and that consequently they incurred liability for stock purchased and sustained a loss when it was sold at less than cost. The Board, however, found that the effect of Mr. Whitney's guaranty to the brokers was also to guarantee his three friends against losses. This finding the petitioner challenges. We cannot doubt its correctness. In view of Mr. Whitney's initial suggestion that he desired to assist them to make money in the stock market, it is incredible that he intended to leave them saddled with losses running into millions. Conclusive proof that he did not is furnished by the fact that, although one of the accounts was closed before his death, he never made claim for the large debit balance he had paid, nor have his executors during the seven years since his death sought to recover the sums paid out by him or by them in closing these accounts.

■ Webb v. Commissioner, 67 F.(2d) 859 (C. C. A. 2), involved a brokerage account established by Mr. Whitney for a friend under very similar circumstances. There it appeared that the broker looked solely to Mr. Whitney and never considered Mrs. Webb a debtor. In the present case the stipulation of facts does not present the situation so clearly. If it was like the Webb Case, the petitioner never incurred liability to the broker when stock was purchased, and so clearly sustained no loss when it was sold at less than cost. If, on the other hand, he did incur liability to the broker, he was indemnified against loss by Mr. Whitney's guaranty, and that indemnity was made good when the accounts were closed during the taxable year in question. Under section 214 (a) (5) of the Revenue Act of 1926 (44 Stat. 26, 26 USCA § 955 (a) (5), losses are not deductible if "compensated for by insurance or otherwise." On neither hypothesis did the petitioner sustain any actual loss, and only actual losses are deductible. See Johnson, Drake & Piper v. Helvering, 69 F.(2d) 151, 154 (C. C. A. 8); Cedar Park Cemetery Ass'n v. Com'r, 67 F.(2d) 699 (C. C. A. 7); Weiss v. Wiener, 279 U. S. 333, 335, 49 S. Ct. 337, 73 L. Ed. 720.

■ The petitioner also contends that he should be allowed to deduct one-third of the interest charges debited by the brokers on the accounts during 1927. If the interest debits are deductible, dividends credited to the accounts must be taxable. The Board excluded both items from the petitioner's return. Since one-third of the interest charges were less than one-third of the dividend credits, the Board's ruling did the petitioner no injury, and reversal of it would not benefit him. Decision of the petitioner's contention as to interest would therefore be futile.

Order affirmed.