BARBER et ux. v. COMMISSIONER OF INTERNAL REVENUE.

No. 42.

Circuit Court of Appeals, Second Circuit.

Jan. 8, 1946.

---

* Quoted in full in the majority opinion.

Ignatius & Stone, of New York City (Milton B. Ignatius and Edward McFadden, Jr., both of New York City, of counsel), for petitioners.

Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key, J. Louis Monarch, and Morton K. Rothschild, Sp. Assts. to the Atty. Gen., for respondent.

Before SWAN, CHASE, and FRANK, Circuit Judges.

CHASE, Circuit Judge.

The arrangement of 1937 which Mr. Barber and Mr. Wiggin made in respect to the acquisition and disposition of the shares by Wiggin, as stated in the letter January 25, 1937, from Barber to Wiggin which Wiggin briefly confirmed, did not compel a finding by the Tax Court that the petitioner became the owner of the shares which Wiggin purchased in compliance with the agreement. He paid nothing for them, did not have possession of them, none were ever transferred to him, and purchases and sales were to be made in the discretion of Mr. Wiggin, the petitioner being given an account of them each month and being entitled to receive one-half of any profits accruing to the account less interest at a stated rate on one-half the money Wiggin paid for the shares. Though in December of 1941, the taxable year here involved, the petitioner and Mr. Wiggin's secretary exchanged letters which seemed to show that the petitioner was indebted to Wiggin to the amount of the purchase price of the 2,500 shares which Wiggin had bought and that the latter was holding those shares as collateral for that debt, this was the first time so far as the evidence shows that the parties to the 1937 arrangement had so interpreted it. Previously they had acted for nearly five years in a manner consistent with an understanding that the so-called Barber account was a joint account in which Mr. Barber's only interest was, as the exchange of letters in 1937 seemed to show, the right "to have one-half of any profit accruing to the account, less interest charge at the rate of five per cent (5%) per annum for carrying my portion." This language was followed by such an interval of action and inaction as might be expected if an old friend financially able to do so had undertaken to risk any loss which might be the result of trying to help the petitioner profit by an anticipated

increase in the market price of the stock while helping himself to some of the profit also. The time limit of one year was disregarded and only long after that did Mr. Wiggin exclude the petitioner from the venture. Even then no demand for payment was made but the reason stated by the secretary was that Mr. Wiggin was satisfied that the petitioner could not pay the debt and thought it best to terminate the account in view of the then market situation of the stock. Thus the joint speculation ended and thereafter Mr. Wiggin could, if the last exchange of letters were given face value, hold the shares solely for his own account and take all the profits, if any, when he saw fit to dispose of them, after saddling the loss up to then entirely upon the petitioner or at least to the extent that the petitioner was able to pay.

There was no conflict in the evidence as to the basic facts but the inferences to be drawn from them are decisive as to whether or not the petitioner did become the owner of the shares and did sell them at a loss or whether he merely relinquished the right in 1941 to share in a then nebulous profit. Such inferences were for the Tax Court. Dunne v. Commissioner, 2 Cir., 75 F.2d 255; Webb v. Commissioner, 2 Cir., 67 F.2d 859. Though we might have reached a different result we cannot now weigh the evidence and make findings. Webre Steib Co., Ltd., v. Commissioner, 324 U.S. 164, 65 S.Ct. 578. Our duty is to determine whether the inferences of fact which the Tax Court drew have a substantial basis in the evidence and, if they have, to make them effective. Commissioner v. Scottish American Investment Co., 323 U.S. 119, 124, 65 S.Ct. 169. When, as in this instance, the inferences are reasonable, though contrary ones might have been drawn from the undisputed evidence, there is no error of law which we can correct. Boehm v. Commissioner, 325 U.S. ——, 66 S.Ct. 120.

There is one claimed error in the exclusion of evidence which should be noticed. Mr. Barber testified in the Tax Court that he was familiar with the rules of the Securities and Exchange Commission which require anyone who is a director or officer of a corporation to report currently under oath his holdings of stock owned directly or indirectly and current sales and purchases. He testified that he

considered himself subject to those requirements and that he had filed such reports with the Securities and Exchange Commission and identified one dated February 10, 1937, which he had so filed. His offer of it was objected to and it was excluded, as were all such reports he had made. While this ruling was erroneous, it does not justify a reversal and remand as the evidence was but cumulative since it was undisputed that the petitioner had filed the reports as he testified and so the excluded evidence was but additional evidence of a fact otherwise proved and entirely uncontradicted.

Affirmed.