Frank A. VITARELLE, Plaintiff-
Appellant,

v.

The LONG ISLAND RAIL ROAD COM-
PANY, Defendant-Appellee.

Nos. 521–522, Dockets 33023–33078.

United States Court of Appeals
Second Circuit.

Argued April 17, 1969.

Decided July 22, 1969.

Peter M. J. Reilly, Henry J. O'Hagan, Edward G. Dougherty, New York City, for appellant.

William J. Pallas, Raymond B. Ritchel, Jr., George M. Onken, Jamaica, N. Y., for appellee.

Before WATERMAN, SMITH and FEINBERG, Circuit Judges.

PER CURIAM:

Plaintiff-appellant, an electrician employee of The Long Island Rail Road Company, was injured in the course of his employment and brought this action against appellant pursuant to the Federal Employers' Liability Act. The case was tried to a jury. When the forelady reported the verdict, the following occurred:

The Clerk: Madam Forelady, have you agreed upon a verdict?

The Forelady: Yes, we have.

The Clerk: What is your verdict, please?

The Forelady: We have found that the defendant—the plaintiff was negligent.

The Clerk: You say you find for the defendant.

Members of the jury listen to your verdict as it stands recorded.

You say you find for the defendant.

(Each juror, upon being asked by the clerk, "Is that your verdict," answered in the affirmative.)

The Clerk: So say you all.

The Court: I would ask the Madam Forelady: Do you mean that you found that the accident was caused solely by the plaintiff's negligence?

The Forelady: Yes.

The Court: Thank you very much * * *.

Appellant testified that his job was to check the air-conditioning units in the railroad cars to see whether they were working properly. If one was not, he and his helper, Rufus Nance, were to see that it did.

On the day he was injured the plaintiff noticed in one car that the unit was not cooling the car. Inspecting the unit, he found two belts were loose and needed replacing. He and Nance then turned off the switches to the unit, removed the fuses for it as a further precaution, and then replaced the belts. The fuses were also replaced and plaintiff told Nance to go "set up" the unit again so it could be tested; at that point the plaintiff put his hand on the belts to check their tension. Almost simultaneously, a conductor or trainman turned on the switches to the unit causing the belts to move and to draw plaintiff's left hand into the compressor, injuring the hand.

At trial, in response to a question on cross-examination, the plaintiff admitted that the key precaution in insuring that the switches would not be turned on while he was working on the unit was to remove the fuses. Therefore, the clear implication to the jury was that plaintiff, who knew the safe procedures, was negligent in choosing to test the tension of the belts after he had replaced the fuses, rather than before.

On appeal plaintiff presents three issues for our consideration. He first claims that he was forced to go to trial without adequate notice. On Monday, October 15, the case was number 7 on Judge MacMahon's list. Counsel was aware of this. Late that week, the deputy clerk informed the attorneys on both sides that the case would be tried on either Monday afternoon, October 22, or Tuesday, October 23, of the next week. (Plaintiff's attorney disputes this, saying he was told to be ready for Tuesday).

On the morning of Monday, October 22, the case was number 3 on Judge MacMahon's list. Plaintiff's attorney therefore believed he would not get to trial before Tuesday and he arranged to have Nance and a medical witness in court on that day. The two cases ahead of plaintiff's case on Judge MacMahon's list were settled on Monday morning out of court, and plaintiff's counsel was told at 10:30 A.M. to be ready for trial at 2 P.M. that afternoon.

**304**

At 2:00 all attorneys and the plaintiff were present and the trial commenced *without* objection. We hold that plaintiff had adequate notice that his case was triable.

After the plaintiff had testified, his attorney said that they had "no other witnesses." It seems clear that all understood the statement to mean "no other witnesses available to testify" for Judge MacMahon decided to proceed by hearing a defense witness "out of order."

Finally, at 4:25 P.M. the plaintiff moved for a continuance until Tuesday when Nance and the doctor were to testify. Judge MacMahon denied the motion, ordered a summing-up, and sent the case to the jury.

Plaintiff's second claim of error is based upon the refusal to permit the case to continue into Tuesday. Trial judges are given broad discretion in this area of trial control, and in view of the heavy congested docket in the Southern District of New York and the sincere efforts the judges of that court constantly make to move the docket along, we would perhaps, even under different circumstances, be reluctant to hold that Judge MacMahon abused his discretion here despite the fact it seems to us very little by way of expeditious disposition of cases was gained by the judge's ruling.

However, in light of the jury's finding that plaintiff's injury was caused solely by his own negligence, he was not harmed; and if there were an abuse of discretion plaintiff was not prejudiced by it, see Draddy v. Weston Trawling Co., 344 F.2d 945 (2 Cir.1965); Severi v. Seneca Coal and Iron Corp., 381 F.2d 482, 489, fn. 7 (2 Cir.1967); Barber v. C. I. R., 152 F.2d 930 (2 Cir.1946). The two witnesses who were not permitted to testify were Nance and a doctor. The latter's testimony was not relevant to liability, and Nance, plaintiff's fellow workman, would have but corroborated plaintiff's story of the accident, a story that the jurors decided demonstrated that plaintiff caused his own injury, the railroad in no way contributing thereto.

Appellant's final claim is that the court committed reversible error by not ruling prior to counsel's summations on properly submitted requests to charge the jury which had been presented to the court before the trial commenced. Though such failure is indeed a cavalier ignoring of the requirements of Rule 51, Fed.R.Civ.P., the charge the judge gave was a routine F. E. L. A. charge, and was in no particular erroneous. Plaintiff has failed to show that he was prejudiced in any way by the Court's failure to comply literally with Rule 51.

The judgment is affirmed.