**James C. WINSTON, Plaintiff-Appellant,**

v.

**PRUDENTIAL LINES, INC., Defendant-Appellee.**

**No. 581, Docket 33013.**

United States Court of Appeals
Second Circuit.

Argued May 14, 1969.

Decided Sept. 3, 1969.

David Goldstick, Somers & Goldstick, New York City, for plaintiff-appellant.

John J. Purcell, Lilly, Sullivan & Purcell, New York City, for defendant-appellee.

Before WATERMAN, SMITH and KAUFMAN, Circuit Judges.

PER CURIAM:

Plaintiff commenced this action against the defendant shipowner seeking to re-

cover damages for personal injuries he claimed were caused when he was employed as an unlicensed Junior Engineer on defendant's vessel. This alleged injury was a permanent loss of taste and smell. The plaintiff's claim was that an exposure to hydrochloric acid fumes under circumstances demonstrating the shipowner's negligence was the cause of the injury.[1] The only person competent to testify for plaintiff with reasonable medical certainty that the injury resulted from the exposure was the plaintiff's medical witness.

The case had been on the Ready Day Calendar of the Southern District of New York since October 16, 1968, and on October 23 the attorneys for the parties received final telephone notice that trial would commence on the following day. Although plaintiff was not in New York and could not appear in person, plaintiff's counsel made no motion to take the case off the trial calendar and stated he was prepared to start at 1:30 P. M. on October 24 by reading plaintiff's deposition into evidence. Before doing so, although at the same time insisting that he was ready to go to trial, he requested that he be permitted to put his doctor on the stand at 1:30 the following afternoon and, if all other evidence were closed before that hour, that he be granted a continuance until then for that purpose. The application was denied by the trial judge, Judge MacMahon, a jury was impaneled and sworn, and the trial began. Except for the doctor's testimony plaintiff's case was concluded by 4 P. M. and counsel again moved for a continuance until 1:30 P. M. of the following day. The request was refused. Counsel then requested a five-minute adjournment for the purpose of telephoning the doctor. This request was refused and the plaintiff was required to rest his case. The defendant forthwith rested without put-

ting in any evidence, the case was immediately submitted to the jury, and before 6 P. M. the jury returned a verdict dismissing plaintiff's complaint. Claiming that the denial of the continuance motions grossly prejudiced his case plaintiff's counsel moved to set aside the verdict and for an order directing a new trial. Judge MacMahon denied this postverdict motion and he entered judgment on the jury verdict.

■ Appellant concedes that a federal trial judge has broad discretion in granting or denying a request for short continuances during the course of a trial. Peckham v. Family Loan Co., 262 F.2d 422 (5 Cir. 1959). Appellant argues, however, that there was an abuse of discretion in this case, and it most assuredly appears that his argument is far from a frivolous one. Nevertheless, we are acutely aware of the serious calendar problem which exists in the Southern District of New York and we recognize that Judge MacMahon is one of the district's most zealous judges in moving that calendar. See, e.g., Vitarelle v. Long Island Rail Road Co., 415 F.2d 302 (2 Cir. July 22, 1969).

■ We have stated that:
" * * * We will not interfere with the conscientious judge who will not accept the status quo of calendar congestion. The task of updating calendars is arduous, complicated and burdensome. Since the trial judge must be entrusted with the power to alleviate calendar congestion, we shall not put obstacles in his way when he exercises his judgment *wisely* in achieving the desired goal." (Emphasis added.) Davis v. United Fruit Co., 402 F.2d 328, 331–332 (2 Cir. 1968).
Thus we have permitted a great deal of latitude to be given to individual district judges who conscientiously labor to re-

1. The Public Health Service records were introduced into evidence solely for the purpose of the diagnosis of "Loss of taste and smell, etiology unknown: possibly secondary to acid exposure." The ship's medical record was also in evidence. The exposure occurred on October 30, 1963. Injury was reported October 31. When the ship docked on November 12 appellant immediately went to the U. S. Public Health Service and received P.H.S. treatment as an outpatient from November 15, 1963 to June 4, 1964.

duce calendar congestion, but we have hoped that in the utilization of this discretionary latitude the judges should also bear in mind that tight docket control, although a vital part of efficient judicial administration, is not an end in itself. The purpose behind close docket control is that of assuring that justice for all litigants be neither delayed nor impaired. As we clearly stated in *Davis, supra,* "a court must not let its zeal for a tidy calendar overcome its duty to do justice." *Id.* at 331. In the present case, had any one of us been the trial judge, each of us might well have made somewhat different dispositions of plaintiff's two motions for half-day continuances (or, in any event, the five-minute request) than the dispositions Judge MacMahon chose to make; but as reviewing judges we are unwilling to hold that Judge MacMahon's decisions were so unreasonable as to be abuses of a trial judge's discretion. We rule thus the more readily for we point out that plaintiff's counsel had two obvious ways open to him by which he could have protected his case. First, realizing that his medical witness might not be available at all times, counsel could have taken the doctor's deposition. Indeed, his client's deposition was taken and he was no doubt aware of the consequences to his case if that deposition were not available. Davis v. United Fruit Co., *supra.* Second, if counsel knew that his witness might not be available on the day set for trial he could have moved for relief prior to trial under Calendar Rule 7(b) (1) of the Southern District of New York rather than insisting that he was ready. The Rule provides in part that:

> When a case is advanced to the Ready Day Calendar, if there are any reasons why it may not proceed to trial on 24 hours telephonic notice, counsel shall make immediate application to the Part 1 Judge for an adjournment of the case on the calendar. * * * Such applications must be made in the event that by reason of engagement or illness of counsel, *unavailability* or illness *of witnesses,* or for any other rea-

son, the case cannot proceed to trial on 24 hours telephonic notice. The Part 1 Judge will then make whatever disposition is necessary in the interests of justice. * * * (Emphasis added.)

Counsel having failed to adopt either of these possible avenues of relief as a hedge against the likelihood that his witness might not be available when needed, we affirm the judgment below and hold that plaintiff must bear the unfortunate consequences of having the merits of his case submitted for jury resolution without the benefit of the testimony of his medical witness.

Affirmed.