Benjamin S. SACHAROW, Plaintiff-Appellant,

v.

Irving VOGEL, Defendant-Appellee.

No. 686, Docket 34042.

United States Court of Appeals, Second Circuit.

Argued April 7, 1970.

Decided July 15, 1970.

William L. Shumate, Speiser, Shumate, Geoghan, Krause & Rheingold, New York City, for plaintiff-appellant.

John E. Morris, Richard J. Burke, New York City, for defendant-appellee.

Before WATERMAN and FRIENDLY, Circuit Judges, and ZAMPANO, District Judge.*

WATERMAN, Circuit Judge:

Plaintiff-appellant brought his action to recover damages for injuries to his back which he alleged were caused when he was struck by a bicycle operated by defendant. On April 10, 1969 the case was tried to a jury which returned a verdict in plaintiff's favor for $100. Plaintiff forthwith moved to set aside the verdict as inadequate and moved for a new trial on the issue of damages. The motion was denied and judgment was entered that day on the verdict. Thereafter plaintiff timely moved pursuant to Rule 59, Fed.R.Civ.P., to set aside the judgment and for a new trial limited to damages determination, on the ground that the trial judge, Judge MacMahon, abused his discretion when he denied plaintiff's application for an adjournment from noon of April 10 until the morning of April 11 so that plaintiff's doctor, not in court on April 10, could testify. This motion was also

* Of the District of Connecticut, sitting by designation.

denied. Plaintiff appeals from the denial of his motions. As it would seem that this appeal is even less meritorious than others where we have sustained similar rulings by this trial judge, we affirm. See Napolitano v. Compania Sud Americana De Vapores, 421 F.2d 382, 384–385 (2 Cir. 1970) ; Winston v. Prudential Lines, Inc., 415 F.2d 619, cert. denied, 397 U.S. 918, 90 S.Ct. 926, 25 L.Ed.2d 99 (1970) ; Vitarelle v. Long Island R. R. Co., 415 F.2d 302 (2 Cir. 1969).

The constantly recurring problem of adjusting the essential needs of trial counsel in the presentation of his case to the business convenience of his medical witnesses has plagued counsel for years and, no doubt, will continue to do so for years to come. Nevertheless, when a counsel has an opportunity to avoid the inevitable awkwardnesses that the lack of his doctor will cause him and his client, conscientious judges may sympathize with counsel, but, under such circumstances, the administration of justice requires that, absent emergencies, the orderly progress of trials be not sacrificed and be forced to take second place to a witness's convenience.

We have no difficulty here in holding that the trial judge did not abuse his discretion in denying the requested continuance at the time during trial when the request was made.

Plaintiff's case appeared on the Ready Day Calendar of the Southern District of New York for the first time on February 18, 1969. This calendar was published daily in the New York Law Journal under the following legend:

Ready Day Calendar

Jury Personal Injury and
Death Actions

The following causes were marked ready for trial at an assignment and pre-trial conference before the Part I calendar judge. Causes on the Ready Day Calendar will be assigned in this order as published below and must then proceed to trial or inquest or be dismissed when so assigned. The deputy clerk for calendars will notify attorneys when and where to appear for trial.

It was then moved to the Jury Trial Pool Calendar where it was noticed in the New York Law Journal on Friday, April 4, and daily thereafter under the following legend:

The cases listed below are assigned to a Jury Trial Pool, under the direction of Judge Pollack for March, 1969, to be tried one to follow the other in the order listed before any judge of the court. This calendar moves very rapidly. Attorneys are directed to be ready to proceed to trial *upon a telephone call* from the Deputy Clerk who will notify attorneys when and where to appear. (Emphasis added.)

The accident occurred on the morning of May 21, 1964 when plaintiff was 66 years of age. During 1967 and 1968 plaintiff had been employed and during 1968 had earned $17,000. To prove his damages the plaintiff had intended to rely upon the testimony of a New York City physician, Selig Strax, who had not been consulted by plaintiff until September 1966, two and one half years after the accident, and who had given a report of his examination to plaintiff's attorneys. Plaintiff had been examined by another New York physician who had rendered a report to plaintiff's attorneys and there was a pertinent hospital record and X-ray report at Roosevelt Hospital. However, it was planned to use only the testimony of Dr. Strax.

In the early afternoon of April 9, 1969, plaintiff's counsel was notified by the deputy clerk for calendars that his case would be tried within the next day or two. Later that day, at about 4 P.M., counsel received a call telling him that the trial was to start before Judge MacMahon when court opened the following morning.

When the case was first listed on the Ready Day Calendar plaintiff contacted Dr. Strax and was then told by the doc-

tor that, because of his busy schedule, he would need at least 24 hours notice prior to his appearance in court. Despite this warning and despite the knowledge from the Law Journal that counsel would have to be ready to proceed to trial upon a telephone call, counsel had apparently made no provisions to ready Dr. Strax and had not utilized any of the avenues available to him to protect against any unavailability of his medical witness. A member of counsel's office tried to reach Dr. Strax during the afternoon and evening of April 9 but was unable to do so until the next morning, shortly after the trial had begun. The doctor stated that he would not be available to come to court until the following day, April 11. Around noon on April 10, plaintiff concluded the presentation of his case, save for Dr. Strax's testimony, and asked Judge MacMahon for a continuance until the following morning when, he assured the court, his doctor would be present. The request was denied and plaintiff was forced to rest. The defense immediately rested without putting in any testimony, both sides summed up, and the jury was charged, all before the luncheon recess, and the verdict was returned by mid-afternoon.

Plaintiff claims the denial of his motion for the half-day continuance was an abuse of discretion and denied him the right to prove his case. He claims he was given inadequate notice of time within which to have all his witnesses ready for trial and points to a provision of Calendar Rule 6(D) of the Southern District of New York which states: "Causes on the Ready Day Calendar must be ready to proceed to trial on 24 hour telephonic notice to the attorneys." However, this sentence is immediately followed by: "When a case reaches this status, the attorneys shall be considered on actual notice by publication of the case in the New York Law Journal. No excuses for failing to proceed to trial when notified will be accepted by the

deputy clerk for calendars, Part 1 Judge or trial judge except to the extent provided in Rule 7(b) below."[1]

Plaintiff's case had moved from the Ready Day Calendar to the Jury Trial Pool Calendar some days before trial and when cases reach that calendar, as noted *supra*, attorneys "are directed to be ready to proceed to trial upon a telephone call from the Deputy Clerk, who will notify attorneys when and where to appear." It is abundantly clear here that plaintiff's counsel should not have assumed that he could start trial and that the doctor would be immediately available without having been subpoenaed. Moreover, it is also abundantly clear that plaintiff was not forced to trial without fair warning or with unseemly suddenness. From February 18 to April 9 counsel had been on notice and during that entire period there were several ways available to him to protect against the distinct possibility that his medical witness would not cooperate on a moment's notice and would not be in court on the day of trial. And even when notified on April 9 that he was "under the gun" he could have either called the Deputy Clerk as soon as he experienced difficulty in reaching the doctor so as to make arrangements for an adjournment, or, at minimum, should have then applied to the trial judge for a one-day adjournment. Instead, by proceeding to trial without either having taken pretrial precautionary measures or requesting a delay before the impaneling of the jury, he gambled on the somewhat dim hope that his medical witness would be available before the introduction of his other evidence had been completed. Therefore, we cannot characterize Judge MacMahon's decision to deny the motion for a continuance after evidence had been introduced as an abuse of discretion in view of the failure to have moved earlier. See Napolitano v. Compania Sud Americana De Vapores, *supra*; Winston v. Prudential Lines, Inc., *supra*; Vitarelle v. Long Island R. R.

1. See discussion in Winston v. Prudential Lines, Inc., *supra*, at 621.

Co., *supra*; Davis v. United Fruit Co., 402 F.2d 328 (2 Cir. 1968). Judge MacMahon was scheduled to try another case the next day and he was justified in his belief that his trial docket ought not to be upset by the unwillingness of a medical witness to forego personal plans and assist a court of justice.

Affirmed.