John BEARY, Appellant,

v.

CITY OF RYE, Appellee.

No. 774, Docket 79–7022.

United States Court of Appeals, Second Circuit.

Argued March 22, 1979.

Decided June 13, 1979.

Leon J. Greenspan, Greenspan & Jaffe, White Plains, N. Y. (Joseph D. DeSalvo and Leslie J. Canfield, White Plains, N. Y., of counsel), for appellant.

Stanley W. Zawacki, Vincent, Berg, Russo, Marcigliano & Zawacki, New York City, for appellee.

Before LUMBARD, FEINBERG and OAKES, Circuit Judges.

OAKES, Circuit Judge:

This appeal is an example of a trial court's permitting its zeal for clearing its calendar to overcome the right of a party to a full and fair trial on the merits. Because we believe that the United States District Court for the Southern District of New York, Lloyd F. MacMahon, Judge, erroneously required the appellant, who was the plaintiff below, to rest at the conclusion of the testimony of three witnesses on the first day of trial, we reverse the judgment granting dismissal of the complaint made orally by the court immediately after it declared the plaintiff at rest and in writing subsequently thereto.[1]

In striking the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard, we have repeatedly given a great deal of latitude to the individual district judges laboring conscientiously in a day of ever-rising filings closely to control their dockets. *Lamb v. Globe Seaways, Inc.,* 516 F.2d 1352, 1356 (2d Cir. 1975); *Michelsen v. Moore-McCormack Lines, Inc.,* 429 F.2d 394 (2d Cir. 1970); *Winston v. Prudential Lines, Inc.,* 415 F.2d 619 (2d Cir. 1969), *cert. denied,* 397 U.S. 918, 90 S.Ct. 926, 25 L.Ed.2d 99 (1970); *Davis v. United Fruit Co.,* 402 F.2d 328 (2d Cir. 1968), *cert. denied,* 393 U.S. 1085, 89 S.Ct. 869, 21 L.Ed.2d 777 (1969). *See also Ali v. A & G Co.,* 542 F.2d 595 (2d Cir. 1976). At the same time this court has always recognized that "a court must not let its zeal for a tidy calendar overcome its duty to do justice." *Peterson v. Term Taxi, Inc.,* 429 F.2d 888, 891 (2d Cir. 1970). *Cf. United States v. Cacciatore,* 487 F.2d 240 (2d Cir. 1973) (reversing dismissal of indictment). To understand the balance applicable here it is necessary briefly to recount the facts.

The case dismissed was a diversity action by appellant, John Beary, for malicious prosecution because of the allegedly malicious instigation and continuation of a criminal prosecution of him for sexual abuse in the first degree and sodomy in the first degree. The prosecution was begun by grand jury indictment on May 29, 1975, although the district attorney did not conduct any preliminary hearing[2] pertaining to a sexual assault which took place on June 7, 1974. According to the description that the victim of the crime first furnished, the assailant was about 5 feet 5 inches tall and about thirty years old. Appellant, who was twenty-one years old and 6 feet 1 inch tall,

1. See text *infra* for the reasons given by the court for its judgment.

2. A preliminary hearing on the issue of sufficiency of the evidence to warrant holding a defendant for grand jury action is provided when a felony complaint is filed in a New York criminal court. N.Y.Crim.Proc.L. §§ 180.10, 180.60 (McKinney). Here, apparently because of the victim's age and the nature of the crime, the case went directly to the Westchester County grand jury which returned a sealed indictment on May 29, 1975.

furnished through counsel affidavits of nine witnesses who placed him at a hunting lodge in upstate New York 150 miles away from the scene of the crime at the time of the assault; and a pretrial order in the instant case recited as a fact that on January 14, 1976, the criminal case was resubmitted to the Westchester County grand jury which dismissed the indictment.

Appellant brought the instant suit in federal court[3] on January 26, 1977. A pretrial order provided that

> [t]he parties shall, in order to prevent delay or interruption of the trial, have sufficient witnesses present at all times during the trial and shall perpetuate before trial the testimony of any essential witnesses, on direct and cross examination, . . . likely to be unavailable when required upon the trial.

The pretrial order also provided that failure to comply with any of its provisions "may result in this court's imposing appropriate sanctions, including termination of the action."

Trial of the federal action commenced on Monday, November 27, 1978. Appellant's counsel had, on November 24, subpoenaed six witnesses to appear on Wednesday, November 29, one at 9:00 a. m. and five at 9:30 a. m. At the luncheon recess on the first day of the trial appellant's first witness, appellant himself, was still testifying; opposing counsel subjected him to a vigorous cross-examination which continued after the luncheon recess. After redirect examination of appellant, appellant then called two other witnesses, one a resident of the upstate locale of the hunting lodge who had seen appellant there on the Saturday and Sunday after the alleged crime; the other appellant's father, who testified that he had driven with appellant to the hunting lodge on Friday evening at a time prior to the occurrence of the sex crime. At this point in the trial, which was 3:30 p. m., the following occurred:

Mr. Greenspan [counsel for plaintiff]: I have no further questions.

.     .     .     .     .

Mr. Zawacki [counsel for defendant]: I have no questions.

The Court: You are excused.

(Witness excused.)

The Court: Next witness.

Mr. Greenspan: I have no further witnesses today, your Honor. I request a continuance until tomorrow morning.

The Court: You rest.

Mr. Greenspan: No, sir, I do not rest.

The Court: Put in your defense.

Mr. Zawacki: The defendant moves to dismiss the complaint.

The Court: Granted. The jury may be excused.

(Jury leaves courtroom.)

The court did not give appellant time to explain, as he contends on appeal, that he had a number of depositions of witnesses taken for use at the trial or any opportunity to read those depositions into the record.

Immediately after the jury left the courtroom the following occurred:

Mr. Greenspan: Your Honor, at this time—

The Court: Just a moment. Let the record reflect   .   .   .

Mr. Greenspan: If your Honor please, at this point I would move for a new trial.

The Court: Denied.

In the court's remarks above elided, the court referred to the pretrial order above quoted, stated that counsel came in "without sufficient witnesses to complete the day" and went on to hold that the plaintiff had failed to make out a prima facie case.[4]

---

**3.** Appellant was successful in a suit in the state courts enabling him to file a late notice of claim as a result of statutory amendments. *Beary v. City of Rye*, 44 N.Y.2d 398, 406 N.Y.S.2d 9, 377 N.E.2d 453 (1978), *on remand*, 64 A.D.2d 652, 407 N.Y.S.2d 218 (1978).

**4.** Despite the stipulation in the pretrial order that the criminal case had been resubmitted to the grand jury and the indictment dismissed, as well as a statement in *Beary v. City of Rye*, note 3 *supra*, 44 N.Y.2d at 408, 406 N.Y.S.2d at 11, 377 N.E.2d at 455, that "[t]he criminal proceedings on which this claim is premised terminated in his favor when the Grand Jury dismissed all the charges against him," the trial court in dismissing the complaint said, "[t]here

Subsequently the court wrote a memorandum to supplement the reasons given from the bench, again referring to the pretrial order and stating, incorrectly, that at approximately 3:30 p. m. after calling three witnesses plaintiff's counsel announced that he had no further witnesses present to testify *and* no further proof to offer that day and that he sought a continuance until the following morning. We say incorrectly because plaintiff's counsel did *not* announce that he had no further proof to offer that day; but in fact he did have such further proof although the court gave him no opportunity to say anything. Additionally the memorandum of the trial court stated, again incorrectly, "plaintiff never applied to this court for subpoenas to compel the attendance of witnesses at trial, and it was not until the morning of the day of trial that plaintiff applied for subpoenas to compel the production of documents." In fact, as stated above, appellant had subpoenaed six witnesses; and indeed one of them was the witness from upstate New York who testified on the first day of trial. The court went on to say that "we cannot tolerate waste of time, interruption of trials and delays which have a ripple effect on our whole docket while we wait for witnesses who, at the very least should have been served with timely subpoenas," and to say, "Add to this counsel's utter disregard of the court's pretrial order directing the parties to have sufficient witnesses available at all times during the trial, and counsel's neglect becomes inexcusable." Subsequently the memorandum reiterates that "[p]laintiff's counsel's blatant disregard of the pretrial order cannot be tolerated" and that "plaintiff's motion for a continuance in midafternoon on the first day of trial is utterly without merit."

In our view justice has been impaired by such a "close inflexible attention to the docket." *Peterson v. Term Taxi, Inc., supra,* 429 F.2d at 891 (case dismissed even though plaintiff went out of town for the weekend only after ascertaining from attorney that no trial date had been set; attorney was subsequently notified that trial would begin less than one business day later but could not communicate with plaintiff; plaintiff arrived at LaGuardia Airport one hour after scheduled time for commencement of trial and at courtroom two hours later; but interrogatories had been served, counsel had submitted trial memorandum and requests to charge, and there was no indication that counsel was not ready or that there would be further delay; dismissal reversed). Here we have no flagrant or intentional disregard of the pretrial order but rather an understandable mistake of judgment in thinking that the examination of appellant, who had a criminal record and other habits and problems which would prompt a rather extensive cross-examination for impeachment as well as to show a diminished reputation, combined with the examination of two other witnesses, would probably consume the entire first day of trial. At least counsel could reasonably have thought that if they did not do so depositions would enable counsel to make valuable use of the court's and the jury's time. Counsel's belief was particularly reasonable because appellant was still on the stand at the luncheon recess. There was clearly no failure on appellant's part to prosecute his action. Here the plaintiff had obtained the necessary subpoenas for his witnesses, selected a jury, made his opening statement, and presented the testimony of three witnesses. We believe that the ordering of the plaintiff's rest, especially without giving him an opportunity to use the time alternatively, was an abuse of discretion under the circumstances.

---

is no evidence that the criminal prosecution that was brought about by the indictment in issue here was ever terminated favorable [*sic*] to the plaintiff, no evidence whatever." The court had excluded, erroneously we think, an offer into evidence of the cover to the second grand jury's action showing dismissal of the indictment. The court questioned, "How can the grand jury dismiss an indictment," and commented, "They have no power to do that." Even if the court was correct as a matter of law, and we do not pass on that, the parties had stipulated otherwise.

We direct a retrial to take place before a different judge.

Judgment reversed and cause remanded.