888 F.2d 1391
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
HELLER FINANCIAL, INC., Plaintiff-Appellee,
v.
Gautam PANDHI, et al., Defendants-Appellants.
 Nos. 88-6020--88-6037, 88-6020, 88-6021, 88-6022, 88-6023,
88-6024, 88-6025, 88-6026 and 88-6027.
 United States Court of Appeals, Sixth Circuit.
 Nov. 9, 1989.
 
 Before BOGGS and ALAN E. NORRIS, Circuit Judges, and GEORGE CLIFTON EDWARDS, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Gautam Pandhi and 17 others (appellants) appeal the judgment for plaintiff Heller Financial, Inc., in a diversity action brought to recover on certain promissory notes. Appellants allege error in certain procedural rulings and put forward certain substantive claims that were not addressed at trial. For the reasons that follow, we affirm the district court's judgment.
 
 
 2
 During late 1983 and early 1984, appellants invested in Holiday International Resorts Limited Partnership (Holiday), a Tennessee limited partnership syndicated to acquire and own a marina in Tennessee. Of the 24 investors in that venture, 18 are involved in this action as defendants-appellants. Appellants live in New York, New Jersey, Illinois, Michigan, Vermont, Alabama and New Jersey. None was a resident of Tennessee and none was involved in the organization or management of the limited partnership. Their involvement was limited to that of investors. To acquire investment units of $30,000, each of the appellants paid Holiday $3,000 per unit and executed a promissory note for $27,000 per unit, payable to Holiday in four annual installments of $6,750 beginning June 1, 1984. In all, 26 units were sold to the 24 investors. The limited partnership agreement specified that the promissory notes would be pledged to secure a loan. On June 12, 1984, Holiday obtained a loan of $880,000 from Heller Mortgage Co. (which changed its name to Heller Financial, Inc. after the Holiday limited partnership was created) and executed its own promissory note to Heller. Holiday assigned the 26 promissory notes of the 24 subscribers to Heller and gave Heller security interests in certain assets and in the promissory notes. Holiday's note to Heller specified that Holiday would be in default of the loan from Heller immediately upon default by any one of the subscribers on any promissory note to Holiday. As it turned out, on June 1, 1984, at least one of the subscribers had already failed to make his first payment on his promissory note. Thus, Holiday was technically in default on its note to Heller immediately upon its execution.
 
 
 3
 On August 21, 1986, Holiday filed for bankruptcy. Heller foreclosed on the promissory notes on February 4, 1987. Heller brought this action in the district court to recover judgment against appellants for principal and accrued interest on the notes and for attorney fees. After Heller filed its original complaint, appellants failed to make a timely answer. Default judgment was entered against them by the clerk of court, but Judge Jarvis subsequently vacated the default and permitted a late answer.
 
 
 4
 A summary of the events during the pre-trial litigation and the trial is helpful to an understanding of the issues before this court:
 
 
 5
 On December 16, 1987, the court informed the parties of a trial date of June 13, 1988 and a discovery cut-off date of May 27, 1988.
 
 
 6
 On February 12, 1988, plaintiff Heller served interrogatories and requests for admission on defendants. Defendants failed to respond within the 30 days permitted under Fed.R.Civ.P. 33(a) and 36(a).
 
 
 7
 On May 2, upon motion by plaintiff, the court ordered defendants to respond to the interrogatories--but not the request for admissions--within ten days. Defendants attempted to submit responses to plaintiff's requests for admission on May 12.
 
 
 8
 On May 13, plaintiff requested depositions of all 18 defendants in Chattanooga on May 24. Defendants' counsel subsequently offered to allow plaintiff to depose 10 defendants in Detroit, citing the impossibility of producing all 18 in Tennessee on short notice.
 
 
 9
 On May 17, plaintiff moved to strike defendants' response to plaintiff's requests for admission, on the ground that the response was not timely made. The court granted the motion.
 
 
 10
 On May 20, eight days beyond the court-ordered date, the defendants submitted answers to the interrogatories. The answers to the interrogatories were not signed by defendants, as required by Fed.R.Civ.P. 33, but rather were "certified" by defendants' counsel.
 
 
 11
 On May 26, defendants' counsel offered the court a "Proposed Pre-trial Order." In this document, defendants stated that they admitted to all but the last of plaintiff's twelve requested admissions, disputing only the exact amount still owing to plaintiff on the notes.[1] Defendants explained that not all of the face amount on the notes was owing, as a payment of $50,000 had already been made to Heller on the notes. Also in this document, defendants made a counterclaim of fraud, alleging that Heller and Holiday combined to defraud the investors in Holiday.
 
 
 12
 On May 28, plaintiff moved the court for sanctions against defendants for failure to comply with the May 13 request for depositions. On June 3, the court ruled for plaintiffs on the motion for sanctions, ordering defendants to arrange to be deposed in Tennessee on or before June 10.
 
 
 13
 On June 8, defendants' counsel requested a continuance, claiming that a key witness was temporarily in Africa and that counsel had another trial scheduled for the same dates in New York. The court denied the request.
 
 
 14
 The trial commenced on June 13. Plaintiff's case consisted of one witness and the contention that defendants, by failing to respond within the permitted time to the requests for admission, had assented to all 12 of the admissions by default. Defendants had no witnesses present. Defendants' counsel expressed surprise at the brevity of plaintiff's case and requested a continuance of a few days. The court denied this request. Counsel then asserted that he might be able to produce some of his witnesses by the afternoon and requested a continuance of three hours. The court denied this request. The court then entered judgment for plaintiff.
 
 
 15
 Appellants claim that the trial judge committed reversible error by (1) failing to grant defendants' requests for continuances, (2) ruling that defendants had admitted to all the requested admissions by default, and (3) ordering depositions in Tennessee on or before June 10 as a sanction for failing to comply with requested depositions on May 24. We do not agree.
 
 
 16
 1. Denial of continuances. Motions for a continuance are addressed to the sound discretion of the district court. The trial judge's discretion in this area is broad. Where a trial date has been set for some time and a continuance is requested shortly before trial, the court may deny the continuance. Mull v. Marathon Oil Co., 658 F.2d 386 (5th Cir.1981). A defendant may not be entitled to a continuance on the ground that he failed to summon witnesses to trial because he had overestimated the time required for trial. Holston Valley Hospital v. Ashford Group,Ltd., 661 F.Supp. 72 (E.D.Tenn.1986). A trial court may deny a request for a continuance on the ground that a witness is unable to be present on the trial date, since the party seeking the continuance could have preserved the witness's testimony in a deposition. Winston v. Prudential Lines, Inc., 415 F.2d 619 (2d Cir.1969), cert. denied, 397 U.S. 918 (1970). In Winston, the trial judge refused to allow a five-minute continuance to allow counsel to telephone a witness, forcing the plaintiff to rest his case without the testimony. This was held not to be an abuse of discretion. Nor was an abuse of discretion found where a trial court refused a request at 12:20 p.m. to delay proceedings to accommodate a defense medical witness who would not be able to testify until 2:00 p.m. Napolitano v. Compania Sud Americana de Vapores, 421 F.2d 382 (2d Cir.1970). A court may also deny a continuance based on its concern that the party is attempting to use the continuance as a tactic for delay. Watson v. Miears, 772 F.2d 433 (8th Cir.1985).
 
 
 17
 We note also that where appeals courts have found abuse of discretion by a trial judge in denying a continuance, the facts have been distinguishable from those in the instant case. In Beary v. City of Rye, 601 F.2d 62 (2d Cir.1979), the court found abuse of discretion where the trial judge denied the plaintiff a continuance at 3:30 p.m. on the first day of trial, ordered plaintiff to rest his case for lack of further witnesses, and granted immediate judgment to defendant. The plaintiff in Beary had presented three witnesses already and the appeals court found that he had made an understandable mistake in judgment in thinking that their testimony would consume the first day of trial. By contrast, counsel for appellants in the instant case had prepared no witnesses for the first day of trial. In Grochal v. Aeration Processes, Inc., 797 F.2d 1093, vacated on other grounds, 812 F.2d 745 (D.C.Cir.1986), the district court was found to have abused its discretion in refusing to grant the plaintiff a continuance until an essential witness, who had left the country unexpectedly upon the death of a relative, returned, even though the plaintiff had failed to subpoena the witness. The appeals court found that the witness had cooperated with the plaintiff throughout discovery and had promised to appear at trial, giving the plaintiff no reason to believe that a subpoena would be necessary. There is no evidence in the instant case that appellants had similar assurances that their witnesses would appear at trial.
 
 
 18
 In Fenner v. Dependable Trucking Co., 716 F.2d 598 (9th Cir.1983), there was an abuse of discretion in refusing to grant a continuance to allow an expert witness to testify, where the Court of Appeals found that the trial court's statement to defendant's counsel at the beginning of trial that it would work out the problem caused by the unavailability of the witness had lulled the defendant into a false sense of security. No such assurance was made by the trial court in the instant case.
 
 
 19
 2. Ruling on admissions. The trial court held that by failing to respond to the requests for admission in time, appellants had forfeited the right to challenge the assertions. Fed.R.Civ.P. 36(a) gives a respondent 30 days to respond to a request for admission, after which time "[t]he matter is admitted...." Rule 36(b) states that "[a]ny matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission." Appellants made no such motion, and in any event, permission for withdrawal or amendment is at the court's discretion. This is clear from the language of Rule 36(b):
 
 
 20
 Subject to the provision of Rule 16 governing amendment of a pre-trial order, the court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits. (Emphasis added.)
 
 
 21
 Because appellants failed to respond and failed to move for relief on the requests for admission within the proper time, Heller was entitled to consider the admissions as established. For the court to have accepted appellants' May 12 response to the requests for admission (or the denial of admission no. 12 in the May 26 proposed pre-trial order) would have prejudiced Heller in maintaining its action. Such a ruling would have left Heller one month (or less) to prepare proofs on the disputed admission(s) after it had properly assumed since the response deadline in March that all the admissions were established.
 
 
 22
 Rule 36(b) is subject to Rule 16, which provides that "[t]he order following a final pretrial conference shall be modified only to prevent manifest injustice." Fed.R.Civ.P. 16(e). This standard, however, did not require the trial judge to accept appellants' untimely response to the requests for admission. No manifest injustice resulted from the district judge's granting of Heller's motion to strike appellants' untimely responses to the requests for admission.
 
 
 23
 The court order of May 2--to respond to the request for admissions within 10 days--was not an extension of the deadline to respond to the interrogatories and the requests for admission, as appellants argue. It was an order to comply with an already overdue answer. Moreover, the order to respond within 10 days applied only to the interrogatories, not the requests for admission, so that even if the order could be construed as an extension, it was not an extension for the admissions, but only for the interrogatories. Thus the district court did not err in considering the matters addressed in the requests for admissions to have been admitted by appellants.
 
 
 24
 3. Order for depositions. Appellants contend that Heller's May 13 request for depositions of all defendants in Chattanooga on May 24 was unreasonable and that the trial judge erred in ordering sanctions against appellants for refusal to comply with it. Fed.R.Civ.P. 37(d) states that:
 
 
 25
 The failure to act described in this subdivision may not be excused on the ground that the discovery sought is objectionable unless the party failing to act has applied for a protective order as provided by Rule 26(c).
 
 
 26
 Appellants did not request such an order.
 
 
 27
 In addition to their procedural arguments, appellants make the substantive claim that Heller has already received $50,000 from appellants on the notes and that Heller may have already recovered some or all of the money owed to it by Holiday through the sale of property in which it held a security interest. We do not reach the substantive claims in this case, except to note that Heller, as it admitted at argument, will be obligated to make an accounting to appellants for any sum already received on the promissory notes and for any surplus realized through the sale of property in which it held a security interest through the agreement with Holiday.
 
 
 28
 The procedural rulings in this case are dispositive of the case on appeal. Appellants violated the rules of civil procedure by failing to respond to valid discovery requests. They did not move the court for relief during these times (as the rules allow) but simply ignored the requests. The trial judge did not abuse his discretion. The judgment of the district court is therefore AFFIRMED.
 
 
 
 [1]
 In their May 12 attempted response to the requests for admission, defendants denied two of the admissions (including no. 12) and claimed to lack knowledge or information sufficient to respond to two others