Frederick **MICHELSEN**, Plaintiff-Appellant,

v.

**MOORE–McCORMACK LINES, INC.,**
Defendant-Appellee.

No. 625, Docket 33247.

United States Court of Appeals,
Second Circuit.

Argued March 20, 1970.

Decided June 29, 1970.

Ned R. Phillips, New York City (Abraham E. Freedman, Charles Sovel, and Edward M. Katz, New York City, of counsel), for plaintiff-appellant.

W. Shelby Coates, Jr., New York City (Browne, Hyde & Dickerson, New York City, of counsel), for defendant-appellee.

Before MOORE and FEINBERG, Circuit Judges, and BONSAL, District Judge.*

PER CURIAM:

The plaintiff, Frederick Michelsen, an able-bodied seaman, claims that he contracted infectious hepatitis while employed aboard the S.S. "Mormacpine," a vessel owned and operated by defendant, during a voyage to South America in the summer of 1965. Plaintiff contends that he contracted the infectious hepatitis "as a result of the filthy and unhealthy manner in which the sanitary facilities aboard the vessel were maintained, particularly in foreign ports where they were used by shoreworkers and not cleaned afterwards."

There is no claim that plaintiff did not diligently prosecute his action from the time it was instituted on December 7, 1965 until it was assigned for trial to Judge MacMahon on December 3, 1968. On that latter day, a Tuesday, counsel for plaintiff was informed that the case would be reached by the end of the week. Counsel called his medical witness, Dr. Wally, to inform him of the tentative trial date and learned that the doctor was ill with the "Hong Kong flu" and that he would be confined to his bed until Monday, December 9. Plaintiff intended to offer the testimony of Dr. Wally to prove that the unsanitary conditions on the vessel were the means by which the disease was transmitted to plaintiff.

On Wednesday, December 4, plaintiff's counsel made an application to Judge MacMahon for a postponement of the trial based upon the unavailability of both the plaintiff, who was at sea, and Dr. Wally, who was ill. Judge MacMahon suggested that the case be tried upon the issue of liability only and was told by plaintiff's counsel that the doctor's testimony was necessary to establish a *prima facie* case. The judge then suggested the use of a telephone with amplification in the courtroom, but plaintiff's counsel stated that the doctor's condition precluded this. Judge MacMahon passed the case with the directions that the plaintiff hold himself ready to proceed when the case was reached.

On Thursday, December 5, 1968, counsel for plaintiff was informed that the case might be reached that afternoon and was then told to be ready for trial at 10:30 A.M. on Friday, December 6. On Friday morning plaintiff's counsel renewed his application for an adjournment, which was denied, and Judge MacMahon dismissed the action for failure to prosecute.

■■ The decision to grant or deny a continuance is within the discretion of the trial judge. United States v. Ellenbogen, 365 F.2d 982 (2d Cir. 1966), cert. denied, 386 U.S. 923, 87 S.Ct. 892, 17 L.Ed.2d 795 (1967). It is well settled that a dismissal with prejudice for failure to prosecute will not be reversed on appeal except where there is a showing of an abuse of that discretion. Link v. Wabash R.R., 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962); Peterson v. Term Taxi, Inc., 429 F.2d 888 (2d Cir. 1970); Redac Project 6426, Inc. v. Allstate Insurance Co., 412 F.2d 1043 (2d Cir. 1969); Schwarz v. United States, 384 F.2d 833 (2d Cir. 1967); West v. Gilbert, 361 F.2d 314 (2d Cir.), cert. denied, 385 U.S. 919, 87 S.Ct. 229, 17 L.Ed.2d 143 (1966). In order to properly appraise the exercise of discretion by the trial judge, we must carefully examine each case in its own factual circumstances. Upon the facts of this case, we affirm Judge MacMahon's dismissal of the action.

■ After a jury had been selected on Friday morning, plaintiff's counsel stated the grounds for his application for an adjournment until the following Monday, which he had made earlier that morning. The grounds were that plaintiff was unable to proceed because of the unavailability of Dr. Wally, whose condition would not permit the taking of his deposition, and because of the un-

---

* Of the Southern District of New York, sitting by designation.

availability of the plaintiff who was at sea and who would not be available until Monday. When Judge MacMahon learned that the plaintiff's deposition had been taken, he instructed counsel to proceed with the plaintiff's deposition. Plaintiff's counsel objected that the deposition had been taken for discovery purposes and that "without the plaintiff we are unable to proceed. * * * With the deposition for discovery the plaintiff will not make out a prima facie case."

In dismissing plaintiff's action, Judge MacMahon referred to the then recently decided case of Davis v. United Fruit Co., 402 F.2d 328 (2d Cir. 1968), cert. denied, 393 U.S. 1085, 89 S.Ct. 869, 21 L.Ed.2d 777 (1969), which also involved a seaman who was unavailable at the commencement of trial. The trial judge denied an adjournment until the plaintiff was available, and the trial proceeded with plaintiff's deposition which had been taken by the defendant. The ship's records, injury report and medical log were also available to plaintiff's counsel to support his claim. This court, in the belief that there were sound grounds for the denial of the adjournment, rejected the plaintiff's contention that his case was not presented "in its best light" because of the court's refusal to grant an adjourment until the plaintiff could make a personal appearance at trial. One of the grounds mentioned by us was that "it was clearly foreseeable to any lawyer engaged in trial practice that, with the unpredictable movement and acceleration of calendars, [plaintiff] might be at sea when the case was called for trial. * * * [Plaintiff's counsel] should either have taken [plaintiff's] deposition in order to have his testimony ready in the event his client was not available for the trial * * * or have used the occasion of the defendant's examination of [plaintiff] to ask questions helpful to his client's cause." *Id.* at 330.

Plaintiff contends that *Davis* is distinguishable because in the instant action plaintiff's counsel could not foresee that his medical expert would become ill, preventing him from testifying personally or by deposition, and because he did not delay in seeking an adjournment once he heard of the doctor's illness. Plaintiff also asserts that he was effectively denied the right to try his case because he could not establish a *prima facie* case on liability without Dr. Wally's testimony and the refusal to grant an adjournment deprived him of the doctor's testimony. So, says plaintiff, "not only was [his] case not presented 'in its best light,' it was not presented at all."

It is precisely because plaintiff's case was "not presented at all" that we affirm Judge MacMahon's dismissal of plaintiff's action. Plaintiff's counsel refused to proceed with the plaintiff's deposition. In addition to plaintiff's deposition, counsel presumably had other evidence in the form of ship's records and hospital records. Had plaintiff's counsel proceeded to read plaintiff's deposition to the court and jury, introduced the other available evidence, and then requested an adjournment until Monday morning to permit Dr. Wally to testify, Judge MacMahon could have assessed the importance of the doctor's testimony on the issue of liability in considering whether or not to grant the adjournment. As plaintiff's counsel would not go forward with the evidence which he had, we are not confronted with the question of whether or not it would have been an abuse of discretion if, after introduction of the available evidence, Judge MacMahon had refused to grant an adjournment to the following Monday to receive Dr. Wally's testimony.

In Peterson v. Term Taxi, Inc., 429 F.2d 888 (2d Cir. 1970), we recognized that the trial judge must have the power to control his docket, and that adjournments, postponements, and the rescheduling of cases contribute to the serious calendar problem existing in the Southern District of New York. "Since the trial judge must be entrusted with the power to alleviate calendar congestion, we shall not put obstacles in his way when he exercises his judgment wisely in achieving the desired goal." *Davis, supra,* 402 F.2d at 332; Winston v. Pru-

dential Lines, Inc., 415 F.2d 619, 620 (2d Cir. 1969); Peterson v. Term Taxi, Inc., *supra*, 429 F.2d at 891.

Accordingly, we hold that the trial judge's denial of an adjournment was not an abuse of discretion.

Affirmed.

No costs.