Floyd STURGEON, Plaintiff-Appellant,

v.

AIRBORNE FREIGHT
CORPORATION, Defendant,

and

Teamsters, Local Union No. 745, etc.,
Defendant-Appellee.

No. 85–1369
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Dec. 26, 1985.

William H. Bruckner, Houston, Tex., for plaintiff-appellant.

James L. Hicks, Dallas, Tex., for Teamsters.

Before POLITZ, GARWOOD and JOLLY, Circuit Judges.

## OPINION

GARWOOD, Circuit Judge:

Floyd Sturgeon appeals the district court's dismissal with prejudice for want of prosecution of his action against Local 745, International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America (Local 745). Sturgeon claims the district court abused its discretion by denying his motion for continuance and by dismissing the action. Finding no abuse of discretion, we affirm.

### Facts and Proceedings Below

Sturgeon was employed by Airborne Freight Corporation (Airborne) until his discharge on March 30, 1983. He was a member of Local 745, the exclusive collective bargaining representative for Airborne employees. Local 745 entered into a collective bargaining agreement with Airborne for the period of March 1, 1982 through March 31, 1985, which permitted Airborne to discharge employees only for just cause. Pursuant to the collective bargaining agreement, Sturgeon filed a grievance of his discharge with Local 745 on April 6, 1983. The agreement provided that the grievance procedures could be invoked only by an authorized Union representative, and that discharge grievances had to be commenced by written notice given within ten working days of the discharge. Sturgeon's grievance was scheduled for arbitration on April 26, 1983, with the Southern Multi-State Grievance Committee, which was comprised of three Union representatives and three from company management. The Grievance Committee dismissed Sturgeon's grievance as untimely filed, because it was postmarked after the contractual ten-day period. Local 745 brought the grievance to a second hearing on May 24, 1983, but the Grievance Committee again denied Sturgeon's grievance.

Sturgeon filed this action on September 27, 1983, pursuant to section 301(a) of the Labor Management Relations Act, 29 U.S.C. § 185(a),[1] against Airborne for wrongful discharge in violation of the collective bargaining agreement and against Local 745 for failure to fulfill its duty of fair representation.[2] During the initial discovery period, which was to end January 4, 1985, in anticipation of a February 4, 1985, trial date, plaintiff failed to designate any expert witnesses. On December 26, 1984, the case was reset for trial on May 6, 1985, with discovery to be completed by March 31, 1985. Again, plaintiff designated no expert witnesses during the discovery period.

Sturgeon and Airborne reached a settlement agreement and, on April 12, 1985, filed a joint motion to dismiss with prejudice Sturgeon's claims against Airborne. On April 30, 1985, the district court granted the motion. On April 29, 1985, one week before trial was scheduled, Sturgeon filed a witness list with the court, naming R.B. Bunch as an expert witness. Local 745 filed a motion *in limine* on May 1, 1985, which sought the exclusion of Bunch's testimony because the late designation was a "prejudicial surprise."[3]

Jury selection was held on May 7, 1985, in which counsel for both parties participated. On May 8, 1985, Sturgeon's counsel filed a motion for continuance, asserting that his expert witness Bunch had been hospitalized and was unavailable for trial. Plaintiff's counsel had learned of Bunch's unavailability the previous day, before the jury selection. Prior to the scheduled start of trial on the morning of May 8, the dis-

---

**1.** Section 301(a) of the Labor Management Relations Act, 29 U.S.C. § 185(a), provides:

"Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties."

**2.** The Union's duty of fair representation is implied under the scheme of the National Labor Relations Act. Because the Act encourages exclusive representation by a single labor organization of all the employees within a unit, the union in such a system has a duty "to serve the interests of all members without hostility or discrimination toward any, to exercise its discretion with complete good faith and honesty, and to avoid arbitrary conduct." *DelCostello v. International Brotherhood of Teamsters*, 462 U.S. 151, 103 S.Ct. 2281, 2290 & n. 14, 76 L.Ed.2d 476 (1983) (quoting *Vaca v. Sipes*, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967)).

**3.** In answers made December 27, 1984 and updated February 28, 1985 to Local 745's interrogatories asking the names and addresses of any persons expected to be called by plaintiff as experts, and the character of the expected testimony, Sturgeon made no disclosure of Bunch or any other expert. Local 745 was entitled to expect that these interrogatory answers would be timely updated. Fed.R.Civ.P. 26(e)(1)(B). At no time prior to April 29, 1985 was Local 745 informed of Bunch (or any other expert).

trict court denied plaintiff's motion for continuance and granted defendant's motion *in limine* to exclude Bunch's testimony. The district court stated that Bunch had been designated after the close of discovery and after the time period allowed for designation of expert witnesses by Local Rule 8.1(c).[4] He also noted that defendant had not been able to depose Bunch and that plaintiff had never indicated that he lacked sufficient time to complete discovery.

At this time, the court held a short hearing on plaintiff's motion for continuance. Plaintiff's counsel explained that Bunch, who had, in years prior to Sturgeon's discharge, served as a representative of the Union on the Grievance Committee that addressed Sturgeon's grievance, was to testify concerning grievance procedures and the likely outcome of Sturgeon's grievance had it been heard on the merits. Counsel informed the court that he could not present his case without Bunch's testimony, because he could not establish that Sturgeon was discharged without just cause. The district court offered plaintiff the choice of dismissal without prejudice with costs assessed against plaintiff, or dismissal with prejudice with each side to bear its own costs. When plaintiff declined to choose, the court dismissed with prejudice, each side to bear its own costs.

Plaintiff bases his appeal on the district court's denial of his motion for continuance and on the dismissal with prejudice for want of prosecution.

### Discussion

#### Motion for Continuance

Decisions regarding motions for continuance are within the district court's discretion, and will not be disturbed on appeal absent an abuse of discretion. *Capaci v. Katz & Besthoff, Inc.,* 711 F.2d 647, 665 (5th Cir.1983), *cert. denied,* 466 U.S. 927, 104 S.Ct. 1709, 80 L.Ed.2d 182 (1984);

*American Lease Plans, Inc. v. Silver Sand Co.,* 637 F.2d 311, 318 (5th Cir.1981). The district court's denial of Sturgeon's motion for continuance was supported by several factors. An obviously important ground was the court's decision to exclude Bunch's testimony. As the district court noted, "I see no reason to continue the case because of the absence of a witness whose testimony would not be allowed even if he were present in court." Therefore, we first must consider whether the district court's exclusion of this testimony was an abuse of discretion. *See Dixon v. International Harvester Co.,* 754 F.2d 573, 584 (5th Cir.1985) (The district court has "wide and flexible discretion" in the admissibility of evidence.).

Plaintiff offered essentially two reasons for the late designation of his expert witness. First, he explained the difficulty of obtaining an expert who could testify about the applicable grievance procedures. Few people had Bunch's experience as a past member of the Grievance Committee that acted on Sturgeon's claim. Furthermore, anyone involved in the grievance process would be reluctant to testify against both the Union and the company. Although plaintiff may have met some impediments in lining up an expert witness, he had ample opportunity to raise this problem to the court in a reasonable time. This case had been pending for over a year and a half before it was dismissed. Plaintiff never informed the court that he was unable to complete discovery before the cutoff dates. In fact, in a status report in July 1984, plaintiff estimated that he would require four months for discovery, which would have expired in November 1984. Any difficulty in obtaining expert testimony would not justify plaintiff's failure to designate expert witnesses by February 9, 1985, the local rule expert designation deadline, or by the March 31, 1985 general discovery cutoff date.

---

**4.** Local Rule 8.1(c) for the United States District Court for the Northern District of Texas provides:

"*Designation of Expert Witnesses:* Each party shall designate in writing with the Clerk of the Court its expert witnesses at least 90 days before the trial unless the Court directs otherwise. This designation shall not apply to rebuttal witnesses."

Bunch was to be a witness in Sturgeon's case in chief.

The second reason offered by Sturgeon for violating Local Rule 8.1(c) is the settlement with Airborne, which he claims dramatically altered the way he would have tried the case. He suggests that in his suit against Airborne and Local 745 he was depending upon Local 745 to establish that his discharge by Airborne was not for just cause. Yet, from the time he filed suit, Sturgeon was required to prove both claims whether or not he settled with Airborne.

■■■ Section 301 of the Labor Management Relations Act provides for federal suits for violations of collective bargaining agreements. Before the employee may sue, however, he must exhaust the grievance remedies provided in the collective bargaining agreement. *Hines v. Anchor Motor Freight, Inc.*, 424 U.S. 554, 96 S.Ct. 1048, 1055–56, 47 L.Ed.2d 231 (1976); *Vaca v. Sipes*, 386 U.S. 171, 87 S.Ct. 903, 914, 17 L.Ed.2d 842 (1967). The employee is bound by the results of the grievance proceedings, according to the finality provisions of the typical collective bargaining contract,[5] unless the union has breached its statutory duty of fair representation in processing the grievance. *DelCostello v. International Brotherhood of Teamsters*, 462 U.S. 151, 103 S.Ct. 2281, 2290, 76 L.Ed.2d 476 (1983); *Hines*, 96 S.Ct. at 1057–59. Therefore, judicial review of dispute settlement pursuant to a collective bargaining agreement necessarily involves two interdependent claims: "To prevail against either the company or the Union, [the employees] must not only show that their discharge was contrary to the contract but must also carry the burden of demonstrating breach of duty by the Union." *Hines*, 96 S.Ct. at 1059. In such suits, an employee claiming violation of a collective bargaining agreement "may, if he chooses, sue one defendant and not the other; but the case he must prove is the same whether he sues one, the other, or both." *DelCostello*, 103 S.Ct. at 2291.

■■■ Sturgeon initially sued both Airborne and Local 745. If he had not settled

with Airborne, Sturgeon still would have been required to prove the Union's breach of its duty of fair representation *and* the wrongfulness of the discharge. He could not have relied on Local 745 to establish one of the elements of his suit against Local 745. To escape liability, it was in Local 745's interest to defend against both prongs whether or not Airborne was also a defendant. From the beginning of the suit, Sturgeon should have been aware of the need for the testimony that Bunch was to provide. Furthermore, if Sturgeon had been diligently seeking settlement with both parties as he repeatedly claims, he was apprised of the possibility that one defendant might be dismissed from the suit. Therefore, plaintiff's claim that his need for Bunch's testimony was the result of his last-minute settlement with Airborne is without merit. The district court did not abuse its discretion in refusing to allow Bunch's testimony.

■■■ The district court was also influenced by other factors in denying Sturgeon's motion for continuance. This case, which had been pending for more than eighteen months, had been continued once before and the May 6 trial date had been set for over four months. Although cognizant of Bunch's unavailability for trial, plaintiff's counsel participated in jury selection on May 7 and failed to raise his motion for continuance until May 8. Plaintiff argued that the trial must be continued because Bunch's testimony was so crucial to his case that he could not proceed without it. Yet, plaintiff had not designated this witness until the previous week and failed to file a motion for continuance before jury selection. Plaintiff further contends that Bunch was a pivotal witness, not only for his expertise, but also as an important fact witness. Yet Bunch had not participated in Sturgeon's grievance process and was not on the Grievance Committee when it disposed of Sturgeon's claim. Plaintiff failed to explain how Bunch would have provided any testimony other than expert testimo-

---

**5.** Such finality provisions were contained in the instant contract between Airborne and Local 745.

ny.[6] Considering all the surrounding circumstances, we hold that the district court's denial of plaintiff's requested continuance was not an abuse of its broad discretion in supervision of the trial.

### Dismissal for Want of Prosecution

Rule 41(b), Fed.R.Civ.P., permits a district court to dismiss an action for failure of prosecution.[7] Although the rule provides for motion by defendant, the court may act on its own motion to "achieve the orderly and expeditious disposition of cases." *Morris v. Ocean Systems, Inc.*, 730 F.2d 248, 251 (5th Cir.1984) (quoting *Link v. Wabash Railroad Co.*, 370 U.S. 626, 82 S.Ct. 1386, 1389, 8 L.Ed.2d 734 (1962)). We review the district court's action under the abuse of discretion standard. *Ford v. Sharp*, 758 F.2d 1018, 1021 (5th Cir.1985); *Rogers v. Kroger Co.*, 669 F.2d 317, 320 (5th Cir.1982).

Because of the severity of dismissal with prejudice, we have determined that ordinarily such action will be affirmed only (1) upon a showing of "a clear record of delay *or* contumacious conduct by the plaintiff" and (2) when "lesser sanctions would not serve the best interests of justice." *Morris*, 730 F.2d at 252 (citing *Rogers*, 669 F.2d at 320 (emphasis added)). The district court's consideration of lesser sanctions should appear in the record for review of the court's exercise of its discretion. *Boudwin v. Graystone Insurance Co.*, 756 F.2d 399, 401 (5th Cir.1985). In *Rogers*, we suggested lesser sanctions that the court might consider: "[a]ssessments of fines, costs, or damages against the plaintiff or his counsel, attorney disciplinary measures, conditional dismissal, dismissal without prejudice, and explicit warnings...." 669 F.2d at 321. Furthermore, we listed aggravating factors that may bolster the decision to dismiss, such as the extent that plaintiff, not his counsel, was responsible for the delay, actual prejudice

to defendant, and whether intentional conduct caused the delay. *Id.* at 320.

### (a) Delay or Contumacious Conduct by Plaintiff

We have determined that the district court acted within its discretion in granting defendant's motion *in limine* to exclude Bunch's testimony. Having designated Bunch as an expert witness after the time required by Local Rule 8:1(c), plaintiff had to be prepared to try the case without this expert testimony, even if Bunch had been available for the trial. Plaintiff provided no sound reasons for his failure to designate Bunch in time, yet was unable to proceed without him. Because the "unjustified failure of a litigant to proceed to trial on a regularly scheduled date may be punished by the imposition of reasonable sanctions," *Hornbuckle v. Arco Oil & Gas Co.*, 732 F.2d 1233, 1237 (5th Cir.1984), plaintiff's conduct justified dismissal with prejudice if less severe sanctions would not serve the best interests of justice.

### (b) Consideration of Lesser Sanctions

As the district court acted within its discretion in denying plaintiff's motion for continuance, the court was not required to grant the motion when plaintiff thereafter refused to proceed. At that point, the court could have dismissed with prejudice, dismissed without prejudice, or permitted the trial to proceed and directed a verdict if plaintiff failed to establish a wrongful discharge. The court asked plaintiff whether he would opt for dismissal with prejudice with each side bearing its own costs or whether he would choose to have all costs awarded against him and receive a dismissal without prejudice. Plaintiff's counsel responded that he could not make a recommendation or choice and that the court should act as it deemed appropriate. The court dismissed with prejudice, each party to bear its own costs.

---

**6.** On April 29, 1985, plaintiff filed a witness list and testimony summary listing Bunch only as an expert witness and stating that he would "provide expert testimony regarding whether Airborne had just cause to discharge Sturgeon and the probably [*sic*] action of the committee if the merits of the grievance was [*sic*] heard."

**7.** Rule 41(b), Fed.R.Civ.P., states in part:
"For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him."

The court acted within its discretion because "[w]hen lesser sanctions have proved futile, a district court may properly dismiss a suit with prejudice." *Id.* at 1237; *accord Rogers*, 669 F.2d at 321. In *Hornbuckle v. Arco Oil & Gas Co., supra,* the district court ordered dismissal against a plaintiff who was unable to proceed with trial, although on the same day that trial was to commence he had filed proposed findings of fact and conclusions of law without any indication that he was not ready for trial. 732 F.2d at 1235. The dismissal was made without prejudice contingent upon plaintiff's payment of defendant's fees and expenses for preparation of the trial. When plaintiff failed to pay within the scheduled date, the district court dismissed the suit with prejudice. *Id.* at 1236. On appeal, we remanded the case for express findings concerning whether plaintiff "had the ability to pay the sum assessed as an alternative to dismissal, and, if not, whether any sanction less severe than dismissal ... would be appropriate and sufficient." *Id.* at 1237. The district court on remand determined that plaintiff was able to pay the expenses but did not and that dismissal was appropriate. We affirmed the district court's findings and the dismissal with prejudice. *Hornbuckle v. Arco Oil & Gas Co.,* 770 F.2d 1321 (5th Cir.1985).

In the case before us, the district court considered dismissal without prejudice, although a dismissal without prejudice would be futile for plaintiff because, as he asserts on this appeal, the statute of limitations had already run on his claim when the district court acted. As plaintiff notes, dismissal without prejudice when further litigation is time barred is no less severe than dismissal with prejudice. *McGowan v. Faulkner Concrete Pipe Co.,* 659 F.2d 554, 556 (5th Cir.1981); *Gray v. Fidelity Ac-*

*ceptance Corp.,* 634 F.2d 226, 227 (5th Cir. 1981). As plaintiff will not be able to pursue his action in the future, dismissal with prejudice was actually the "lesser sanction" because defendant's costs were not adjudged against plaintiff.

 Moreover, plaintiff made it quite clear to the district court that he was not able to carry his burden in the case.[8] If the court had not dismissed at that point, he would have been compelled to direct a verdict later in the trial. The court recognized that once the continuance was denied, the case would be disposed of by "trial, dismissal, or settlement." To carry on the trial would not have been a less severe alternative to dismissal, because plaintiff in effect admitted below that it certainly would have resulted in a judgment on the merits for defendant. The district court considered lesser sanctions and found them futile. A party cannot ordinarily be allowed to force an unmerited continuance by simply refusing to go forward with a trial in which the jury has already been selected. *See Michelsen v. Moore-McCormack Lines, Inc.,* 429 F.2d 394 (2d Cir.1970). We cited *Michelsen* with approval in this regard in *Lopez v. Aransas County Independent School District,* 570 F.2d 541, 544 (5th Cir.1978). The court was justified in dismissing the case with prejudice for want of prosecution.

#### (c) Aggravating Factors

In *Rogers*, we observed that dismissal with prejudice "is reserved for the most egregious of cases, usually cases where the requisite factors of clear delay and ineffective lesser sanctions are bolstered by the presence of at least one of the aggravating factors." 669 F.2d at 321. Plaintiff in this case intentionally failed to notify the court during eighteen months of discovery that

---

8. When arguing his motion for continuance, plaintiff's counsel stated:

> "[T]he plaintiff cannot go forth without Mr. Bunch's testimony....
>
> " ....
>
> "I frankly couldn't take the Court's time because I cannot present a case whereby the jury could find no just cause without an expert's testimony as to the standards applied by the committee."

Other remarks by plaintiff's counsel at that time were also to the same effect. The district court's dismissal order recites that "plaintiff's attorney then represented to the court that the plaintiff's evidence, without the testimony of his expert witness, would not be sufficient for submission of the plaintiff's case to the jury" and that the court then ordered dismissal. The accuracy of this recital is not challenged and is supported by the record.

he was unable to secure testimony on one of the elements of his case. He waited until a few weeks before trial to obtain Bunch as an expert witness and provided only one week's notice to defendant. The day before trial was to start the jury was selected, and plaintiff did not then file a motion for continuance. Because Bunch was not timely designated, plaintiff should have been prepared to try the case in his absence. Plaintiff's actions constitute the type of "intentional conduct" that justifies dismissal under Rule 41(b). *See, e.g., Veazy v. Young's Yacht Sale & Service,* 644 F.2d 475, 477 (5th Cir.1981) (plaintiff's twenty-one month delay in effectuating service after complaint was filed). Moreover, plaintiff's conduct caused defendant time and expense in trial preparation, although plaintiff was unable to try the case. Finally, as we have noted, there is here no practical difference between dismissal with and without prejudice, except that the former did not result in an adverse judgment for costs as the latter would have.

*Frivolous Appeal*

 Local 745 asserts that Sturgeon's appeal of this matter is frivolous and seeks damages pursuant to Fed.R. App.P. 38 [9] and 28 U.S.C. §§ 1912, 1927.[10] We do not lightly impose sanctions for taking an appeal; we do so only "when the claim advanced is unreasonable, or it is not brought with a reasonable good faith belief that it is justified." *Stelly v. Commissioner,* 761 F.2d 1113, 1116 (5th Cir.1985). An appeal is frivolous when it involves legal points that are not arguable on their merits. *Hagerty v. Succession of Clement,* 749 F.2d 217, 222 (5th Cir.1984). Although plaintiff's appeal is meritless, we do not find it so unreasonable or unjustified as to

cause us to impose sanctions. Local 745's request for sanctions is denied.

### Conclusion

The district court acted within its discretion in denying plaintiff's motion for continuance and in dismissing the suit for want of prosecution. Therefore, we affirm the judgment.

AFFIRMED.

---

**9.** Rule 38, Fed.R.App.P., provides:

**"Damages for Delay**

"If a court of appeals shall determine that an appeal is frivolous, it may award just damages and single or double costs to the appellee."

**10.** 28 U.S.C. § 1912 provides:

**"Damages and costs on affirmance**

"Where a judgment is affirmed by the Supreme Court or a court of appeals, the court in its discretion may adjudge to the prevailing party just damages for his delay, and single or double costs."

*28 U.S.C. § 1927* provides:

**"Counsel's liability for excessive costs**

"Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."