SCHEARBROOK LAND AND LIVESTOCK COMPANY, et al., Plaintiffs,

v.

UNITED STATES of America, et al., Defendants,

v.

SCHEARBROOK LAND AND LIVESTOCK, INC., Third Party Defendant.

No. 86–871–CIV–ORL–18.

United States District Court, M.D. Florida, Orlando Division.

Sept. 2, 1988.

Benjamin W. Redding, Timothy J. Sloan, Barron, Redding, Hughes, Fite, Bassett & Fensom, Panama City, Fla. (Stephen B. Clarkson, Diane E. Burkley, Pierson, Ball & Dowd, Washington, D.C., of counsel), for Schearbrook Land and Livestock Co. and James K. Davis.

Joseph E. Foster, Akerman, Senterfitt & Eidson, Orlando, Fla., for Schearbrook Land and Livestock, Inc.

Larry I. Gramovot, de la Parte, Gilbert & Gramovot, P.A., Tampa, Fla., for Dr. Robert Gukich.

Paul F. Figley, Sophie Smyth, U.S. Dept. of Justice, Washington, D.C., and Office of the U.S. Atty., Orlando, Fla., for U.S.

## ORDER

G. KENDALL SHARP, District Judge.

This case is before the court upon motions in limine to exclude the testimony of plaintiffs' expert witnesses by defendants Dr. A.F. Ryland and Dr. Robert G. Gukich and the United States. (Docs. 106 and 110). The United States also has joined the motion of defendants Ryland and Gukich. (Doc. 109). Plaintiffs have opposed defendants Ryland and Gukich's motion in limine to exclude the testimony of plaintiffs' expert witnesses. (Doc. 108).

In accordance with Federal Rule of Civil Procedure 16(b) and Local Rule 3.05(b) of the Middle District of Florida, the original discovery scheduling order, docketed on May 11, 1987, terminated discovery on April 30, 1988. (Doc. 32). Pursuant to plaintiffs' motion, the court extended discovery in this case through May 30, 1988. (Doc. 47). In their motions in limine, defendants Ryland and Gukich and the United States represent that plaintiff Schearbrook did not inform the other parties to this action of the identity of their expert witnesses until the attorneys met to draft a joint pretrial stipulation on July 8, 1988, when plaintiffs' expert witnesses appeared on their witness list. Defendants Ryland and Gukich further represent that plaintiff Schearbrook has never identified any expert witnesses in response to expert interrogatories propounded by them and the other parties to this action.

Defendants Ryland and Gukich claim that plaintiffs have violated Rule 26(e)(1)(B) of the Federal Rules of Civil Procedure by failing to provide answers to expert interrogatories. Because plaintiffs have failed to identify their expert witnesses before discovery terminated, defendants state that they have lost the opportunity to depose these expert witnesses and that they and the other parties will be disadvantaged in preparing for trial as to these witnesses. Defendants observe that other parties' expert witnesses were deposed after the discovery period pursuant to court-permitted stipulations between the parties and that these experts were identified prior to the end of discovery. Plaintiffs counter that their intent to retain expert witnesses has been known by the other parties throughout the litigation and that there is ample time to prepare for their testimony before trial scheduled for the October, 1988 term.

The United States raises three bases for prejudice because of plaintiffs' failure to identify their three expert witnesses until the July 8, 1988 pretrial conference and plaintiffs' continued failure to disclose the substance of the experts' opinions in response to interrogatories served February 23, 1988. First, the United States and the other defendants have not had the opportunity to assess the opinions of plaintiffs' experts through discovery. While defendants' experts have been deposed and required to state their opinions, these experts have not had the benefit of the opinions of plaintiffs' experts for purposes of evaluation and rebuttal. Second, counsel for the United States and the other defendants have completed substantial trial preparation relying on plaintiffs' not designating expert witnesses for trial, on the completion of discovery, and on the parties' exchange of all information for use at trial. Allowing plaintiffs to name three experts at this late date will necessitate additional depositions and revision of trial preparation. Third, compliance with Local Rule 3.06(b) required defendants to commit themselves to a trial-governing, joint pre-

trial stipulation without the benefit of knowing the opinions of plaintiffs' experts. The United States argues that defendants will be prejudiced seriously if plaintiffs are able to change their case while defendants are bound to the pretrial stipulation.

Federal Rule of Civil Procedure 26(e)(1)(B) places an obligation upon a party who has responded to a discovery request regarding expert witnesses to supplement its response when additional information is available:

> A party is under a duty seasonably to supplement the response with respect to any question directly addressed to ... the identity of each person expected to be called as an expert witness at trial, the subject matter on which the person is expected to testify, and the substance of the person's testimony.

Fed.R.Civ.P. 26(e)(1)(B). The comments to Rule 26(e) clarify that expert witness information must be made available in order for parties to accomplish discovery of expert opinions for expert trial preparation according to the provisions of Rule 26(b)(4). Fed. R.Civ.P. 26(e) advisory committee's note. The district judge has considerable discretion in determining when exclusion of expert testimony is an appropriate sanction for the breach of duty to supplement interrogatory answers. *Murphy v. Magnolia Electric Power Association*, 639 F.2d 232, 234 (5th Cir. Mar. 1981); *see* Fed.R.Civ.P. 26(e) advisory committee's note; *see also Dixon v. International Harvester Co.*, 754 F.2d 573, 584 (5th Cir.1985) ("[T]he district court has wide and flexible discretion concerning the admissibility of evidence....").

The factors that the court should consider in determining whether expert evidence should be excluded are " '... the explanation, if any, for the failure to name the witness, the importance of the testimony of the witness, the need for time to prepare to meet the testimony, and the possibility of a continuance.' " *Alimenta (U.S.A.), Inc. v. Anheuser–Busch Cos.*, 803 F.2d 1160, 1163 (11th Cir.1986) (quoting *Murphy*, 639 F.2d at 235, which quotes 8 C. Wright & A. Miller, Federal Practice and Procedure, § 2050 at 327 (1970)); *see Fabrica Italiana Lavorazione Materie Organiche, S.A.S. v. Kaiser Aluminum & Chemical Corp.*, 684 F.2d 776, 780 (11th Cir.1982). While plaintiffs contend that defendants were aware that they intended to retain expert witnesses, plaintiffs have given no explanation for not designating their expert witnesses before the close of discovery. *See Sturgeon v. Airborne Freight Corp.*, 778 F.2d 1154, 1159 (5th Cir.1985). Plaintiffs' designation of expert witnesses three months before trial, approximately a month after the close of a twelve-month period of discovery, mitigates any potential claim of the importance of these expert witnesses.

Moreover, defendants, bound by a joint pretrial stipulation, are deprived of the opportunity to depose plaintiffs' experts and to adjust their trial preparation with their own experts, whom plaintiffs have deposed, in order to rebut the opinions of plaintiffs' experts. Defendants' awareness that plaintiffs might retain expert witnesses is not equivalent to identification of those experts while there was discovery time remaining. Plaintiffs' violation of Rule 26(e)(1)(B) by failing to supplement their interrogatory answers to date and their designation of expert witnesses outside the discovery period, placing defendants at a disadvantage in their trial preparation, indicate "prejudicial surprise." *Sturgeon*, 778 F.2d at 1156 & n. 3; *cf. Murphy*, 639 F.2d at 235 (The court's finding that the trial judge abused his discretion in prohibiting the rebuttal testimony of an expert, whom appellants failed to provide in response to interrogatories as required by Rule 26(e), is distinguishable because of the absence of prejudice and the essential nature of the testimony.).

Finally, the court is cognizant that the trial date for this case has been continued three times, the most recent continuance being at the request of plaintiffs. (Docs. 51, 78 and 100). It appears to the court that plaintiffs have abused Rule 26(e)(1)(B) and, thereby, deliberately attempted to circumvent defendants' opportunity to discover the opinions of plaintiffs' expert witnesses. Accordingly, the motions in limine to exclude testimony of plaintiffs' expert

witnesses by defendants Ryland and Gukich and the United States are GRANTED.

It is SO ORDERED.