**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 00-30161
Summary Calendar
_____

PAUL CARTER,

Plaintiff-Appellant,

VERSUS

DIALYSIS CLINIC, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
(98-CV-3398-B)
_____

October 5, 2000

Before EMILIO M. GARZA, STEWART, and PARKER Circuit Judges.

PER CURIAM:*

Plaintiff Paul Carter appeals the district court's order dismissing his suit against Dialysis Clinic, Inc. with prejudice. We conclude that the district court did not abuse its discretion and affirm.

_____

*Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

On March 18, 1999, the district court issued a minute entry, which established a timetable for completing discovery and designating experts and which set dates for the pretrial conference and the trial. Thereafter, the defendant served discovery requests on the plaintiff. Prompted by plaintiff's ongoing refusal to respond to repeated discovery requests, the defendant filed a motion to compel on August 30, 1999. The district judge granted the motion, which ordered the plaintiff to respond by October 15, 1999. Carter's attorney did not answer.

On December 2, 1999, the attorney failed to appear at a scheduled settlement conference. The magistrate judge then tried to contact the attorney, but another lawyer at the attorney's firm told the judge that the firm no longer represented Mr. Carter. In fact, Carter had retrieved his file from the firm in October of 1999. However, Carter's attorney never submitted a motion to withdraw and, therefore, was still listed as counsel of record. Carter's attorney eventually filed a motion to withdraw on December 8, 1999, the same day as the hearing on defendant's Motion to Dismiss.

Carter's attorney never opposed the defendant's Motion to Dismiss, which was filed on November 5, 1999. Furthermore, the attorney failed to appear at the pretrial conference scheduled for December 9, 1999. As a result of counsel's failure to comply with court orders and to appear at scheduled hearings, the district

judge granted defendant's Motion to Dismiss.

## II.

Rule 41(b) and Rule 37(b)(2) of the Federal Rules of Civil Procedure allow a district court to dismiss actions with prejudice for a litigant's failure to comply with court orders. While dismissal is a severe penalty, we have upheld this sanction when "the history of a particular case discloses both (1) a clear record of delay or contumacious conduct by the plaintiff, and (2) that a lesser sanction would not better serve the best interests of justice." *McNeal v. Papasan*, 842 F.2d 787, 790 (5th Cir. 1988). *See Sturgeon v. Airborne Freight Corp.*, 778 F.2d 1154, 1159 (5th Cir. 1985). "In close cases we have often looked to proof of one of the following 'aggravating factors'-- (1) the plaintiff's personal contribution to the delay, (2) the defendant's actual prejudice because of the delay, and (3) delay that can be characterized as intentional." *Id.* Dismissal may be appropriate even when the client shares little of the blame for an attorney's conduct. *See Dorsey v. Scott Wetzel Serv.,* Inc., 84 F.3d 170 (5th Cir. 1996)(per curiam); *Woodson v. Surgitek*, 57 F.3d 1406, 1418 (5th Cir. 1995); *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962).

The facts of the case at hand clearly establish the elements required to uphold a district court's decision to dismiss. From the time the court issued the minute entry to the moment the judge dismissed the case, Carter's attorney allegedly failed to perform

almost all of his obligations in the suit. During this period, the attorney disobeyed the court's order compelling discovery, failed to provide expert reports and witness lists, and declined to take action with regard to the defendant's Motion to Dismiss. We find that such inaction establishes a clear record of delay and that the record demonstrates contumacious conduct through an "obstinate disrespect for the judicial process." *McNeal*, 842 F.2d at 792.

In addition, we find that the delay prejudiced the defendant by prohibiting the defendant's counsel from carrying the case forward in a timely manner. We agree with the district court's determination that lesser sanctions would not serve the best interests of justice. While we recognize that Carter may not be to blame for his attorney's conduct, we also must contend with the adverse consequences that result from limiting district courts' discretion to levy the harshest of sanctions against attorneys who callously and continuously disobey court orders and fail to appear at scheduled hearings. We conclude that the district court did not abuse its discretion by dismissing the case with prejudice and affirm.

AFFIRMED