Letty HERNANDEZ, Plaintiff–
Appellant

v.

USA HOSTS, LIMITED,
Defendant–Appellee.

No. 10–30962
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

March 14, 2011.

Donna Unkel Grodner, Esq., Grodner &
Associates, A.P.L.C., Jeffery Russell Ni-
cholson, Baton Rouge, LA, for Plaintiff–
Appellant.

Homer Edward Barousse, III, Esq., At-
torney, Joseph Maselli, Jr., Esq., Attorney,
Jonathan Michael Walsh, Attorney, Robert
E. Kerrigan, Deutsch, Kerrigan & Stiles,
L.L.P., New Orleans, LA, for Defendant–
Appellee.

Before KING, BENAVIDES, and
ELROD, Circuit Judges.

PER CURIAM: *

Plaintiff–Appellant Letty Hernandez attended a Starbucks Corporation conference in New Orleans, Louisiana. Starbucks hired Creative Group, Inc. as a consultant for the conference and hired Defendant–Appellee USA Hosts to provide transportation for the conference. Hernandez fell while exiting a shuttle bus operated by a transportation provider USA Hosts hired for the conference, injuring her ankle and shoulder. Hernandez sued USA Hosts and Creative Group in Louisiana state court, alleging that USA Hosts was liable for her injuries because the bus's driver was an agent of USA Hosts. The defendants removed the suit to the Eastern District of Louisiana on the basis of diversity jurisdiction. After several months of discovery, USA Hosts and Creative Group moved for summary judgment on Hernandez's claims. The district court granted summary judgment in favor of both defendants, in relevant part concluding that USA Hosts was not liable for the bus driver's alleged negligence because the bus driver was not USA Hosts's agent and was not subject to USA Hosts's operational control. Hernandez appeals, challenging the district court's order granting summary judgment in favor of USA Hosts on two bases.

First, Hernandez argues that the district court lacked subject matter jurisdiction over her state tort claim because, although the parties are diverse, the amount in controversy did not exceed $75,000. Although Hernandez did not raise this argument before the district court, we must address it on appeal because a "party may neither consent to nor waive federal subject matter jurisdiction."

*Simon v. Wal–Mart Stores, Inc.,* 193 F.3d 848, 850 (5th Cir.1999). A civil action brought in state court may be removed to the proper district court if the district court has original jurisdiction. 28 U.S.C. § 1441(a). A federal district court has original jurisdiction over a civil action where the amount in controversy exceeds $75,000 and the parties are citizens of different states. 28 U.S.C. § 1332. Because Louisiana law forbids a plaintiff to state an amount in controversy in her complaint, a defendant wishing to remove a Louisiana state claim to federal court has the burden of establishing that the amount in controversy exceeds $75,000. *Gebbia v. Wal–Mart Stores, Inc.,* 233 F.3d 880, 882 (5th Cir.2000). A defendant has met this burden "if it is facially apparent from the petition that the amount in controversy exceeds $75,000 at the time of removal." *Id.* at 883.

■ On the face of her complaint, Hernandez alleged that she

> sustained serious personal injuries to her back, knees, shoulder and body as a whole, including but not limited to aggravation of pre-existing conditions, which have caused substantial physical pain and suffering; mental anguish; emotional distress; medical expenses; loss of enjoyment of life; lost wages; property damage; and, other elements of damages which will be demonstrated at the trial of this matter. Such losses are either permanent, or continuing in nature, and Plaintiff will suffer losses in the future.

Given the extensive injuries alleged in Hernandez's complaint and the various damages claimed, it is facially apparent that the amount in controversy exceeds

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

$75,000. *See id.*; *see also Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (holding that the amount in controversy exceeded $75,000 based on extensive injuries claimed in complaint). Accordingly, the district court had subject matter jurisdiction over Hernandez's claims.

■ Second, Hernandez argues that summary judgment was improper because she was a third-party beneficiary of the agreement between Starbucks and USA Hosts to provide transportation for conference attendees, and USA Hosts caused her injuries when it breached its contractual duty to provide her with safe transportation and curb-side service. Hernandez has waived this argument by failing to raise it at any stage of the proceedings below. *See Keelan v. Majesco Software, Inc.*, 407 F.3d 332, 339 (5th Cir.2005) ("If a party fails to assert a legal reason why summary judgment should not be granted, that ground is waived and cannot be considered or raised on appeal." (citation and internal quotation marks omitted)). We therefore do not consider this argument on appeal.

In a separate motion, USA Hosts asserts that Hernandez's appeal is frivolous and seeks attorney's fees and double costs pursuant to Federal Rule of Appellate Procedure 38. We agree that this appeal is frivolous. *See Sturgeon v. Airborne Freight Corp.*, 778 F.2d 1154, 1160 (5th Cir.1985) ("An appeal is frivolous when it involves legal points that are not arguable on the merits."). We deny attorney's fees, but we award U.S. Hosts double costs.

The judgment of the district court is AFFIRMED. USA Hosts's motion for attorney's fees and double costs pursuant to Rule 38 is DENIED as to attorney's fees but GRANTED as to costs. Double costs shall be borne by Hernandez.