# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

December 18, 2013

Lyle W. Cayce
Clerk

No. 13-40448

IMPERIAL ED PROMOTIONS, L.L.C.

Plaintiff-Appellant

v.

EMMANUEL PACQUIAO

Defendant-Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:10-CV-453

Before JONES, WIENER, and GRAVES, Circuit Judges.

PER CURIAM:*

This is an appeal from the dismissal with prejudice of a suit by Imperial ED Promotions, LLC against prominent boxer Emmanuel "Manny" Pacquiao. For the reasons that follow, we affirm the dismissal.

## BACKGROUND

In July 2010, Pacquiao entered into a contract to appear at an event in McAllen, Texas. The contract was signed by Pacquiao and Edmundo Lozano as "Imperial ED Promotions PRODUCER, Edmundo H. Lozano." Pacquiao

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-40448

was to be paid a total of $200,000 in two installments: one when the agreement was signed, and the second no later than September 3, 2010. Pacquiao failed to attend the event and Imperial ED Promotions, LLC ("Imperial ED") sued Pacquiao to recover the $100,000 paid on signing and an additional $119,020 it allegedly spent on advertising and marketing the Pacquiao appearance.

Pacquiao answered the complaint and filed a counterclaim against Lozano for failing to make the second payment of $100,000. Lozano was never served, and thus never became a party to the case. The parties made Rule 26 disclosures and engaged in written discovery. At a July 18, 2012, pretrial conference the district court questioned Imperial ED's standing to bring the suit because the agreement states that it is entered into by "Mr. Edmundo H. Lozano, d/b/a Imperial ED Promotions (PRODUCER")." In response to the inquiry, counsel for Imperial ED asked to "present what we have prepared but not filed in regard" to the issue of standing. The district court granted Pacquiao leave to file a motion to dismiss for lack of standing.

Pacquiao filed a motion to dismiss for lack of standing, and Imperial ED filed a response to which it attached an "Assignment and Assumption Agreement" between Lozano and Imperial ED. The assignment – which Imperial ED had not previously disclosed – purports to transfer all of Lozano's rights and interests in the agreement to Imperial ED. Pacquiao questioned the authenticity of the assignment and the district court granted leave to perform a forensic examination of the document and to depose the four signatories, Edmundo H. Lozano, Salvador Avilez, Pablo Casas, and Domicindo Casas.

After considering the evidence relating to the assignment, the district court concluded that the assignment was not executed until after the district court raised the issue of standing at the pretrial hearing. Accordingly, it granted Pacquiao's motion to strike and motion for sanctions consisting of

No. 13-40448

dismissal with prejudice. In the alternative, the district court granted Pacquiao's motion to dismiss for lack of standing.[1]

## STANDARD OF REVIEW

The district court's imposition of sanctions is reviewed for an abuse of discretion. *Brown v. Oil States Skagit Smatco*, 664 F.3d 71, 77 (5th Cir. 2011). The district court's factual findings underlying the imposition of sanctions are reviewed for clear error. *Id.* Because dismissal with prejudice is "the severest sanction possible," *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 749 (5th Cir. 1987), we ordinarily affirm a dismissal with prejudice only if: "(1) there is 'a clear record of delay or contumacious conduct by the plaintiff,' and (2) 'lesser sanctions would not serve the best interests of justice.'" *Brown*, 664 F.3d at 77 (citing *Sturgeon v. Airborne Freight Corp.*, 778 F.2d 1154, 1159 (5th Cir. 1985)). "The district court's consideration of lesser sanctions should appear in the record for review of the court's exercise of its discretion." *Sturgeon*, 778 F.2d at 1159 (citation omitted). "[D]ismissal with prejudice is a more appropriate sanction when the objectionable conduct is that of the client, and not the attorney." *Brown*, 664 F.3d at 77 (citation omitted).

## DISCUSSION

Imperial ED raises two primary objections. First, it argues that the district court clearly erred when it found the assignment agreement fraudulent. Second, it argues that the district court abused its discretion by not considering or granting lesser sanctions. We address each argument in turn.

---

[1] Because we will affirm the district court's imposition of the sanction of dismissal with prejudice, we need not reach the alternative order granting Pacquiao's motion to dismiss for lack of standing.

No. 13-40448

## I.    Fraudulent Agreement.

The district court judge read his detailed findings from the bench.  The court noted that a power of attorney agreement purporting to transfer Lozano's claims to Salvador Aviles was filed with the complaint but, unlike the assignment agreement in question, it was notarized and prepared by counsel. The court observed that no mention of the assignment was made until after the court raised the standing issue and the agreement was not produced despite several production requests for materials related to the relationship between Imperial ED and its financial backers.  The district court reasoned that if such a document existed during discovery, it should have been produced.

The district court also questioned the manner in which Aviles allegedly created the document. Aviles is not a native English speaker and he requested the use of a translator in court hearings.  Despite his lack of familiarity with the language, Aviles claimed that he drafted the assignment agreement by googling "Assumption and Assignment Agreement" and using the model agreements that his search returned.  Aviles seemed to imply that the document was created over several days, while his attorney claimed that it was created in a hurry.  Additionally, Aviles stated that he gave away both the computer upon which the agreement was drafted and the printer from which it was printed to unnamed and unknown construction workers who were completing work at his home, frustrating any attempts to gather physical evidence related to the creation of the document.

The district court noted other inconsistencies with the document.  It explained that the assignment agreement indicates equal ownership shares in Imperial ED between assignor and the shareholders, which is at odds with profit sharing agreements from January 2011 which showed varying interests. The court also noted that the signatories' testimony conflicted as to when the document was actually signed, particularly that the Casas claimed to have

signed in the presence of Lozano, while Lozano claimed to have no knowledge of when or where the Casas signed the agreement.

Finally, the district court considered the expert testimony. Pacquiao submitted an ink dating expert's report which concluded with ninety percent certainty that the agreement was not signed on or near the date in 2010 on which it was purported to have been signed. The district court found the expert statement proffered by Pacquiao convincing even after consideration of live testimony from Imperial ED's expert. The district court found that "there was no Assumption and Assignment Agreement that was properly done at the time this lawsuit was filed and that the Assumption and Assignment Agreement was only prepared as a result of the desire of the Plaintiffs to satisfy the Court's answer as to do we have the proper party here."

In light of the district court's detailed factual findings, we find no merit in Imperial ED's assertion that there was "no evidence" to support a finding that the assignment was fraudulent. Furthermore, under clear error analysis this court does not "reweigh the evidence," "re-evaluate credibility of witnesses," or discount "the district court's reasonable factual inferences from the evidence." *Glass v. Petro-Tex Chem. Corp.*, 757 F.2d 1554, 1559 (5th Cir. 1985). The district court did not err when it found the assignment agreement was fraudulent.

## II.    Lesser Sanctions.

Because the district court determined that the assignment agreement was fraudulent, there was a clear record of offensive conduct. Still, this court normally only affirms the sanction of dismissal with prejudice where the district court has also found that "lesser sanctions would not serve the best interests of justice." *Brown*, 664 F.3d at 77 (citing *Sturgeon*, 778 F.2d at 1159).

*Brown* upheld the sanction of dismissal with prejudice where the district court found that the plaintiff committed perjury. F.3d 71 at 77-78. *Brown*

stated that "dismissal of the complaint in its entirety was the only effective sanction," and that a "severe sanction was necessary under deterrence and institutional integrity rationales." *Id.* at 79. *Brown* further held that a district court could "implicitly reject[]" lesser sanctions as insufficient when it determined that dismissal was the only effective option. *Id.*

Here, the district court concluded that the plaintiff had perpetrated a fraud – conduct similar to the perjury in *Brown* – and stated that it had "no alternative" but to dismiss the case, thereby implicitly rejecting lesser sanctions. Additionally, Fifth Circuit cases have recognized that advance warnings of possible default mitigate the requirement that the district court consider lesser sanctions. *See, e.g.*, *Ramsay v. Bailey*, 531 F.2d 706, 709 n.2 (5th Cir. 1976) (because "plaintiff was fully and repeatedly apprised of the possible imposition of the . . . sanction [of dismissal]" the district court need not consider "possible alternative sanctions"); *Diaz v. S. Drilling Corp.*, 427 F.2d 1118, 1127 (5th Cir. 1970) ("Thus the default judgment was a foreseeable and appropriate response to [plaintiff's actions], and we hold that the trial court did not abuse its discretion in ordering it."). The district court warned Imperial ED on multiple occasions that if the assignment agreement were not withdrawn, and if the court found the document to be fabricated, the case would be dismissed. The district court did not abuse its discretion when, after multiple warnings, it determined that lesser sanctions were inadequate to redress Imperial ED's conduct.

We AFFIRM the sanction of dismissal with prejudice.