# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

February 14, 2014

Lyle W. Cayce
Clerk

No. 13-30885
Summary Calendar

ATLANTIC SOUNDING COMPANY, INCORPORATED, and
WEEKS MARINE, INCORPORATED

Plaintiffs-Appellees,

v.

MAURICE FENDLASON

Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:12-CV-1260

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:*

This is an appeal from the dismissal with prejudice of litigation between a maritime employer and its injured employee. As discussed in detail below, the employee failed to attend several discovery proceedings and a hearing before the district court. For the reasons that follow, we affirm the dismissal.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-30885

I.

In May 2012, Plaintiffs, Atlantic Sounding Co., Inc., and Weeks Marine, Inc., ("Plaintiffs," collectively) filed a declaratory judgment action seeking a declaration that they did not owe Maurice Fendlason, an injured seaman-employee, maintenance and cure benefits. Fendlason filed an Answer and counterclaim against Plaintiffs seeking damages for negligence or unseaworthiness, as well as maintenance and cure.

Beginning in the fall of 2012, Fendlason repeatedly failed to appear for various proceedings, and failed to comply with district court orders. On October 10, 2012, Fendlason did not attend a scheduled deposition. On November 28, 2012, the district court granted a Motion to Withdraw filed by counsel for Fendlason, who claimed that Fendlason had not only failed to attend his deposition, but had also failed to attend meetings with him and to return counsel's phone calls. The motion by counsel included Fendlason's current address and telephone number. The district court also ordered Fendlason to enroll new counsel of record or notify the court of his intention to proceed *pro se* within 30 days. Fendlason failed to take action in response to the Order. On December 5, 2012, Fendlason was again absent at a deposition despite having been served with a subpoena to appear.

On January 9, 2013, Plaintiffs filed a motion to dismiss the action under Rule 37 of the Federal Rules of Civil Procedure due to Fendlason's failure to attend the October and December depositions, or alternatively for failure to prosecute. Service of the motion was completed on January 11, 2013, at Fendlason's mother's residency using the address provided by Fendlason's counsel. A hearing was scheduled on Plaintiffs' motion to dismiss for January 30, 2013. On January 28, 2013, the district court entered an order (the "Show

No. 13-30885

Cause Order") which continued the hearing on the motion to dismiss until February 22, and also ordered Fendlason to "show cause why the Court should not dismiss the . . . action with prejudice for failure to prosecute or, alternatively, as a sanction for failure to attend his deposition or abide by this Court's order issued on November 28, 2012." On February 3, 2013, the Plaintiffs served the Show Cause Order at the address provided in the motion to withdraw. Despite proper service and notice, Fendlason failed to appear for the hearing on Plaintiffs' motion to dismiss and Show Cause Order on February 22, 2013. As a result, the district court granted Plaintiffs' motion and issued an order dismissing the action with prejudice.

On March 4, 2013, after the dismissal, Fendlason filed an ex parte motion to enroll new counsel of record. On March 21, 2013, Fendlason, through his new attorney, subsequently filed a motion for reconsideration of the district court order dismissing the action with prejudice, which the district court denied. Fendlason appeals.

## II.

We review the district court's imposition of sanctions for an abuse of discretion.[1] The district court's factual findings underlying the imposition of sanctions are reviewed for clear error.[2] Dismissal with prejudice is the "severest sanction possible,"[3] and we affirm such a dismissal only if: "(1) there is a 'clear record of delay or contumacious conduct by the plaintiff,' and (2)'lesser sanctions would not serve the best interests of justice.'"[4]  "[D]ismissal

---

[1] *Brown v. Oil States Skagit Smatco*, 664 F.3d 71, 76 (5th Cir. 2011) (citation omitted).

[2] *Id.*

[3] *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 749 (5th Cir. 1987).

[4] *Brown*, 664 F.3d at 77 (citing *Sturgeon v. Airborne Freight Corp.,* 778 F.2d 1154, 1159 (5 th

No. 13-30885

with prejudice is a more appropriate sanction when the objectionable conduct is that of the client, and not the attorney."[5]

III.

On appeal, Fendlason argues that the district court abused its discretion when it dismissed the action with prejudice because it failed to consider alternative lesser sanctions. Fendlason contends that the district court could have entered an order for Fendlason to appear for his deposition under threat of dismissal.

This court "normally only affirms the sanction of dismissal with prejudice where the district court has also found that 'lesser sanctions would not serve the best interests of justice.'"[6] However, this court has also recognized that a district court may "implicitly reject[]" lesser sanctions as inappropriate when it determines that dismissal was the only effective option.[7]

Here, the district court dismissed the action because of Fendlason's repeated failure to attend properly noticed depositions and comply with court orders. This conduct is directly attributable to Fendlason, and not his attorney, as it took place both before and after his original counsel withdrew from representation. In addition, Fendlason's failure to act was one of the reasons that drove original counsel to withdraw, as discussed above.

We find that the district court did not abuse its discretion when it dismissed the instant action with prejudice. Fendlason's lack of action shows a

---

Cir. 1985)).

[5] *Brown*, 664 F.3d at 77 (citation omitted).

[6] *Imperial ED Promotions, L.L.C. v. Pacquiao*, 13-40448, 2013 WL 6660478 (5th Cir. Dec. 18, 2013) (citing *Brown*, 664 F.3d at 77).

[7] *Brown*, 664 F.3d at 79.

"clear record of delay or contumacious conduct" [8] sufficient to warrant dismissal. In addition, our cases "have recognized that advance warnings of possible default mitigate the requirement that the district court consider lesser sanctions."[9] Fendlason had at least two warnings that dismissal was possible in this case. The first came on January 9, 2013, when the Plaintiffs filed their Motion to Dismiss. The second, stronger warning occurred on January 28, 2013, when the district court issued its Show Cause Order in which it made clear that dismissal was imminent should Fendlason fail to appear before the court on February 22, 2013. Fendlason avers that a lesser sanction, such as requiring attendance at a deposition with the threat of dismissal, should have been considered by the district court. However, the Show Cause Order offered an identical threat—attend or have your case dismissed—and Fendlason failed to appear. The district court was not required to repeat the same warning. The district court did not abuse its discretion when, after adequate warning, it dismissed the action with prejudice.

## IV.

For the above reasons, we AFFIRM the district court's dismissal with prejudice.

---

[8] *Id.* at 77 (citation omitted).

[9] *Pacquiao*, 2013 WL 6660478 (citing *Ramsay v. Bailey*, 531 F.2d 706, 709 n.2 (5th Cir. 1976) (because "plaintiff was fully and repeatedly apprised of the possible imposition of the . . . sanction [of dismissal]" the district court need not consider "possible alternative sanctions"); *Diaz v. S. Drilling Corp.*, 427 F.2d 1118, 1127 (5th Cir. 1970) ("Thus the default judgment was a foreseeable and appropriate response to [plaintiff's actions], and we hold that the trial court did not abuse its discretion in ordering it.")).